**In re Collins Stanley HILL, Glenda Louise Hill, Debtors.**

**Bankruptcy No. 2–79–03908.**

United States Bankruptcy Court, S. D. Ohio, E. D.

April 15, 1980.

Nino A. Sferrella, Delaware, for debtors.

Thomas C. Scott, Columbus, Ohio, trustee.

## FINDINGS, OPINION AND ORDER ON TRUSTEE'S OBJECTION TO CLAIM OF EXEMPTION

G. L. PETTIGREW, Bankruptcy Judge.

This matter is before the Court on the trustee's objection to Glenda Louise Hill's claim of exemption of the proceeds from a personal injury claim. The trustee has objected on the grounds that the debtor's claim is not within the exemption provided by Ohio Revised Code § 2329.66(A)(12)(c). The debtor opposes the trustee's denial of the exemption.

This matter came on for hearing at which time the only evidence presented in the case was stipulated. The parties stipulated that: Mr. Scott is the duly qualified trustee for the estate; the debtor's bankruptcy case was filed on December 29, 1979; the debtor received a payment as a result of a personal injury claim which included a claim for her minor son and an allegation of a claim by her husband; the settlement amount totalled $1,650, of which $59.50 was paid to the provider of medical services and $1,590.50 was paid by check to the debtor on January 3, 1980; and, the debtor suffered no permanent disability as a result of the incident out of which the claim arose. Further, the parties stipulated that the debtor's son's claim is valued at $100 and the debtor's husband's claim has no dollar value.

In summary, the facts in this case present a debtor who has received payment from an insurance carrier in settlement of a personal injury claim. There is no question that the debtor did not receive any permanent injury or disability as a result of the incident out of which the claim arose.

Some essential facts were not introduced into evidence in this case. The Court does not know the particulars of the incident out of which the debtor's claim arose. Further, no proof of the existence or nature of personal bodily injury or a trauma to the body of the debtor has been introduced.

To determine whether the debtor has a recognizable claim of exemption, we must look to the Ohio Revised Code § 2329.66(A), which provides:

"Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment or sale to satisfy a judgment or order, as follows: . . . .

"(12) The person's right to receive . . . (c) A payment, not to exceed Five Thousand Dollars, on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the person or an individual for whom the person is a dependent . . .."

The plain meaning of the words of the Ohio statute is that a payment of $5,000 or less which does not include pain and suffering or compensation for actual pecuniary loss is exempt.

The words of the Ohio statute are, except for the $5,000, exactly the words used in the federal exemption statute found in 11 U.S.C. § 522(d)(11)(D). However, the words of the Ohio statute are not ambiguous and we need not look beyond the express language in the statute to resolve this case. Therefore, this Court finds that the Ohio legislature granted an exemption for the payment arising out of personal bodily injury claim that does not include compensation for pain and suffering or actual pecuniary loss.

In the instant case, a debtor is entitled to claim as exempt a payment arising out of trauma to her body in accordance with the Ohio statute. That claim must be supported by evidence sufficient to establish entitlement under § 2329.66(A)(12) of the

O.R.C. In the instant case, the debtor has failed to meet that burden of proof. The debtor has failed to establish that the payment arose out of an incident which caused trauma to her person and the nature of the trauma or injury, if any. The debtor's claim of exemption is fatally defective since it is not supported by proof that is essential to recognition of the claimed exemption. Therefore, the settlement amount attributable to the personal injury claim of the debtor is not exempt under Ohio law.

IT IS SO ORDERED.