In re John Jeffrey BROOKS aka: Jeff Brooks, Debtor.

Bankruptcy No. 2–80–00568.

United States Bankruptcy Court, S. D. Ohio, E. D.

May 22, 1981.

William H. Truax, Jr., Columbus, Ohio, for debtor.

Frederick M. Luper, Columbus, Ohio, Trustee in Bankruptcy.

## OPINION AND ORDER ON TRUSTEE'S OBJECTION TO CLAIM OF EXEMPT PROPERTY

R. J. SIDMAN, Bankruptcy Judge.

On February 21, 1980, John Jeffrey Brooks filed his voluntary petition under the provisions of Chapter 7 of the Bankruptcy Code. Schedule B–2, attached to that petition, revealed Brooks' ownership of personal property in the form of an uninsured motorist and medical payment claim against Motorists Mutual Insurance Company arising out of an auto accident occurring on May 18, 1978. Brooks' claim was specified as being for bodily injury, pain and suffering, pecuniary loss, and loss of future earnings, and the claim was ascribed an estimated value of $2,000.00. Schedule B–4, attached to the same petition of Brooks, claimed an exemption for the "personal injury claim" under the provisions of Ohio Revised Code Sections 2329.-66(A)(12)(c), (A)(12)(d) and (A)(17). In response to that claimed exemption, Brooks' trustee in bankruptcy filed an objection, and the matter was heard by the Court.

Brooks raises the following issues as relevant to the present exemption dispute:

*Issue 1*: Does the trustee have standing to object to the debtor's claim of exempt property?

*Issue 2*: Who has the burden of proof with respect to the disallowance of a claim of exempt property?

*Issue 3*: Does the inclusion of the debtor's unliquidated claim for personal injuries in the property of the estate under 11 U.S.C. § 541, and the failure of O.R.C. §§ 2329.66(A)(12)(c), and (A)(12)(d) to allow the debtor to exempt such a claim in its entirety, violate public policy?

*Issue 4*: How should O.R.C. § 2329.-66(A)(12)(c) be interpreted?

The Court will take up each of these issues as raised by the debtor.

## STANDING

■ Section 522(*l*) of the Bankruptcy Code states:

"(*l*) The debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section. If the debtor does not file such a list, a dependent of the debtor may file such a list, or may claim property as exempt from property of the estate on behalf of the debtor. Unless a party in interest objects, the property claimed as exempt on such list is exempt." (emphasis added)

The debtor in this case claims that his trustee in bankruptcy is not a "party in interest" as referred to in the statute. The debtor reaches this conclusion by noting that a trustee must be a "disinterested person" in order to serve in such capacity and thus, by definition, cannot be a "party in interest" as referred to in the provisions of § 522(*l*) quoted above. This contention finds no support in the language of the statute, the legislative history behind the statute, or in case law. A trustee must be a person free from any interest materially adverse to the interest of the estate or of any class of creditors or equity security holders. See, 11 U.S.C. § 101(13)(E). Contrary to the suggestion of the debtor, the trustee, as representative of the estate [11 U.S.C. § 323(a)], has a definite interest in whether or not property comprising the estate is claimed or allowed as exempt property. The trustee has a duty to collect and reduce to money the property of the estate. 11 U.S.C. § 704. The question of what is or what is not exempt property is inextricably interwoven with the duties of the trustee to so collect and reduce to money the property of the estate. The Court hereby finds that the debtor's contention that the trustee has no standing to object to a claim of exempt property is without merit.

## BURDEN OF PROOF

■ Debtor next asserts that the trustee has the burden of proving that property claimed as exempt is not entitled to such status. The debtor's position is not well founded.

"The bankrupt (now debtor) should show by a preponderance of proof that he is entitled to the exemption where there is an issue as to whether the exemption is allowable. The burden of proof rests upon the claimant of the exemption, and he must bring himself and his property clearly within the applicable statute." 1A *Collier on Bankruptcy* ¶ 6.23, p. 919 (14th ed. 1974).

The provisions of Rule 403(c) of the Rules of Bankruptcy Procedure clearly carried forward the idea that a bankrupt (debtor) had the burden of proof insofar as a claimed exemption was concerned. While, technically, under the new Bankruptcy Code, the trustee becomes the "objector", the Court finds no reason in the statute, or in its legislative history, to conclude that Congress meant to change the burden of proof in this respect. This conclusion is buttressed by § 541 of the Bankruptcy Code which provides that all property of the debtor becomes property of the estate. Thus, it is the debtor who is actually seeking a return from the estate of property he claims exempt. The debtor, thus, will be required to carry the burden of proof as to his entitlement to a return of exempt property from the property of the estate.

## PUBLIC POLICY

■ The debtor is apparently claiming that congressional choice, as supplemented by the choice of the Ohio legislature, in respect to the exemption of a personal injury claim is against public policy. Citing the case of *In re Schmelzer*, 480 F.2d 1074 (6th Cir., 1973), which held that an Ohio bank-

rupt's claim for personal injuries was not property within the meaning of the Bankruptcy Act of 1898, the debtor asserts that the provisions of the Bankruptcy Code which expand upon the definition of property of the estate, and specifically § 541 of the Bankruptcy Code, are void as against public policy. Debtor has simply cited no reason why Congress, in enacting the re-formed bankruptcy legislation, and the Ohio legislature, in electing to define exemptions available to Ohio debtors, were both not permitted to act as they did. Public policy was well-considered by these two legislative bodies, and their choice was clear. The definition of "property of the estate" was intentionally broadened to include virtually every imaginable equitable or legal interest of the debtor in any property, and the scope of the exemptions available in that property was re-examined and re-defined. This Court sees no reason to tamper with those choices.

### SCOPE OF EXEMPTION

One exemption in question in this case is contained in § 2329.66(A)(12)(c) of the Ohio Revised Code which states that a debtor may hold as exempt his right to receive:

> "(c) A payment, not to exceed five thousand dollars, on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the person or an individual for whom the person is a dependent."

As one commentator has stated, the language of this exemption is "troubling". See, Vukowich, *Debtor's Exemption Rights under the Bankruptcy Reform Act, Bankruptcy Reform Act of 1978: A Symposium*, 58 N.C.L.Rev. 769, 789 (1980). A literal interpretation of the language of the exemption would lead to the conclusion that a personal injury payment exemption does not cover a payment for pain and suffering or compensation for actual pecuniary loss. The exemption is designed only to cover payments compensating actual bodily injury, that is, for example, loss of limb; thus, even medical payments are not exempt.

See, 3 *Collier on Bankruptcy* ¶ 522.20, p. 522–58 (15th ed. 1979).

A second exemption at issue in this case is found in § 2329.66(A)(12)(d) of the Ohio Revised Code which states that a debtor may hold as exempt his right to receive:

> "(d) A payment in compensation for loss of future earnings of the person or an individual of whom the person is or was a dependent, to the extent reasonably necessary for the support of the debtor and any of his dependents."

The Ohio legislature has defined the extent of an exemption in a personal injury claim (including loss of earnings) for Ohio debtors. The $2,000.00 exemption claim made by the debtor in this case for a "personal injury claim" has not been allocated to any particular category, such as bodily injury, loss of earnings, pain and suffering, or medical payments. It is clear that the insurance policy under which the claim would be made covers "damages ... because of bodily injury, sickness or disease". The policy clearly contemplates payment of medical expenses (which appear not to be exempt) as well as damages for actual bodily injury and pain and suffering. Without such allocation, made on some rational basis, the debtor has failed in his burden of establishing a right to the exemption either under § 2329.66(A)(12)(c) or § 2329.-66(A)(12)(d) of the Ohio Revised Code. See *In re Hill*, 5 B.R. 518, No. 2–79–03908 (Bkrtcy.S.D.Ohio, 1980) (Pettigrew, B. J.) (unreported—copy attached).

As a final exemption claim, the debtor cites § 2329.66(A)(17) of the Ohio Revised Code which states that a debtor may hold as exempt:

> "(17) The person's interest, not to exceed four hundred dollars, in any property, except that this division applies only in bankruptcy proceedings."

The trustee's objection in this case does not reach this claim of exemption and thus, there being no party in interest objecting to this claim of exemption, the property claimed as exempt is, in fact, exempt. 11 U.S.C. § 522(*l*).

Based upon the foregoing, the Court hereby determines that the exemptions claimed by the debtor under the provisions of § 2329.66(A)(12)(c) and § 2329.-66(A)(12)(d) of the Ohio Revised Code should be, and the same are hereby, disallowed.

IT IS SO ORDERED.