In re James G. BATES, Angela E. Bates, Debtors.

Bankruptcy No. 2–87–01441.

United States Bankruptcy Court, S.D. Ohio, E.D.

Nov. 14, 1990.

Larry E. Staats, Columbus, Ohio, Chapter 7 Trustee.

Stephen Swaim, Columbus, Ohio, for debtors.

## OPINION AND ORDER ON TRUSTEE'S OBJECTION TO CLAIM OF EXEMPTION

DONALD E. CALHOUN, Jr., Bankruptcy Judge.

This matter is before the Court on the Objection of Larry E. Staats, Trustee herein, to Debtors' Claim of Exemption of payment for personal bodily injury. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district. This is a core proceeding under 28 U.S.C. § 157(b)(2).

The Debtor, James G. Bates, was involved in an accident in early April, 1988. The Debtors, James G. Bates and Angela E. Bates ("the Debtors"), filed a Petition for relief under Chapter 13 of the Bankruptcy Code on April 8, 1987. The Debtors converted their Chapter 13 case to a Chapter 7 case on September 12, 1988. Subsequently, the Debtors agreed to a settlement payment of $9,000.00 for personal bodily injuries resulting from the accident. The sum of $2979.20 has been deducted from this amount for attorney's fees and expenses. The Debtors then filed an amended Schedule B–4 to exempt this settlement payment from the bankruptcy estate pursuant to O.R.C. § 2329.66(A)(12). The Debtors claimed that $5000.00 of the settlement is exempt under § 2329.66(A)(12)(c), and $1250.00 of this settlement is exempt under O.R.C. § 2329.66(A)(12)(d) as payment for lost future wages. The Trustee objected to the Debtors' claims of exemption on November 16, 1988.

This Court held a hearing and took evidence on Trustee's Objection on June 18, 1990. Upon the evidence, the Court finds and concludes as follows: The Debtor/Husband's injury, suffered as a result of the accident, was severe enough to impair his ability to work. In addition, he lost future earnings as a result of the injury as follows:

| | |
|---|---|
| $650.00 | lost vacation pay |
| $300.00 | (5 × $60) lost personal days' pay |
| $300.00 | lost bonus for perfect attendance |
| $1,250.00 | total lost future earnings |

The Debtors claim an exemption of $5,000.00 from the personal injury settlement pursuant to O.R.C. § 2329.66(A)(12)(c). This statute provides an exemption for:

[a] payment, not to exceed five thousand dollars, on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the person or an individual for whom the person is a dependent.

█ The courts have found the language of this exemption "troubling", *In re Brooks*, 12 B.R. 22, 25 (Bankr.S.D.Ôhio 1981) (Sidman, B.J.). The confusion centers around what is actually intended by O.R.C. § 2329.66(A)(12)(c) to be exempt from the payment for personal bodily injury by the words "not including pain or suffering or ... actual pecuniary loss." *See* Vukowich, *Debtor's Exemption Rights Under The Bankruptcy Reform Act of 1978: A Symposium*, 58 N.C.L.Rev. 769, 789 (1980). O.R.C. § 2329.66(A)(12)(C) recites the same language used by Congress in § 522(d)(11)(D) of the Bankruptcy Code. The House Report on § 522(d)(11)(D) states that the exemption is not intended to include the attendant costs that accompany the loss, such as medical payments, pain and suffering or loss of earnings, for these items are handled separately in the Bill. House Comm. on the Judiciary, Bankruptcy Law Revision, H.R.Rep. No. 595, 95th Cong., 1st Sess. 125, 362 (1977), U.S.Code & Admin.News 1978, p. 5787. However, Congress did not expressly provide for exempting medical payments elsewhere in the Bill. Vukowich at 790. In addition, by excluding pain and suffering, loss of earnings and medical payments, it seems that there is nothing which is not excluded from the payment. *Id.* at 789, citing D. Dobbs, *Remedies* 540–51 (1973) (Three types of personal injury damages are for earnings, medical and related expenses, and pain and suffering). In the face of this confusion, the courts have resorted to a literal approach and have interpreted the statute according to its plain language. "The plain meaning of the words of the Ohio statute is that a payment of $5,000.00 or less which does not include pain and suffering or compensation for actual pecuniary loss is exempt." *In re Hill*, 5 B.R. 518, 519 (Bankr. S.D.Ohio 1980) (Pettigrew, B.J.). The exemption is designed only to cover payments compensating actual bodily injury, that is,

for example, loss of limb; thus, even medical payments are not exempt. *Brooks*, 12 B.R. at 25, citing 3 Collier on Bankruptcy para. 522.20, (15th ed. 1979).

█ However, exemptions are to be liberally construed in favor of debtors in order to give full effect to the legislative intent of providing a fresh start. *In re Kenworth*, 47 B.R. 966, 972 (D.Colo.1985); *In re Ancira*, 5 B.R. 673, 674 (Bankr.N.D. Calif.1980). The statute at hand evidences a clear intent to assure a personal injury plaintiff some compensation for bodily injury. *Mike v. Rendano*, No. 84 C.A. 72, *slip op.* at 2, 1985 WL 7019 (Ohio App. August 5, 1985). Therefore, courts have refused to deny a debtor the exemption where the accident was severe, impaired the debtor's ability to work or caused permanent injury. *See, Rendano, slip op.* at 2; *In re Yohnke*, 13 B.R. 121, 122 (Banker.N.D.Ohio 1981). *See also, Hill*, 5 B.R. at 519. The debtor's failure to allocate the payment into amounts for pain and suffering, lost wages, etc. is not controlling because "it would be inequitable to summarily dismiss the claim because each segment was not neatly pigeonholed." *Rendano, slip op.* at 2. In the case before this Court, the Debtor/Husband suffered an injury severe enough to cause him loss of work. Therefore, he is entitled to an exemption for "a payment, not to exceed five thousand dollars, on account of personal bodily injury".

█ However, the Trustee argues that the Debtor should deduct the payments made to Dr. Beilharz from the bankruptcy estate in the amount of $2,900.80, from the $5,000.00 maximum exemption. The Trustee contends that these payments were made for pecuniary losses which are not covered by the O.R.C. § 2329.66(A)(12)(c) exemption. The Debtor counters that these payments should not be deducted from the exemption amount because the payment from the bankruptcy estate was made pursuant to an order of this court recognizing the assignment of interest in the personal injury lawsuit to the doctor and ordering the doctor's claim be paid.

■ The Debtor's entitlement to an exemption does not necessarily mean that the Debtor is entitled to the full exemption amount of $5,000.00. The statute only states a maximum amount allowed to be exempted. "The statute evidences a clear intent to assure a personal injury plaintiff *some* compensation for bodily injury that will be protected from judgment creditors." *Rendano, slip op.* at 3 (emphasis added). In addition, the legislative history shows that the legislature did not intend "to include the attendant costs that accompany the loss" in the exempted amount. *In re Yohnke*, 13 B.R. 121, 122 (Bankr.N.D.Ohio 1981). Thus, medical payments (a form of pecuniary loss) are exempted under O.R.C. § 2329.66(A)(12)(c). *Brooks*, 12 B.R. at 25, citing 3 Collier on Bankruptcy para. 522.20, (15th ed. 1979). The $2,900.80 paid to Dr. Bielharz from the bankruptcy estate was a medical payment for an attendant cost of the personal injury. Therefore, it will not be allowed to be part of the exemption and will be deducted from the $5,000.00 maximum amount.

The Debtor's argument is not persuasive. The fact that the payment was made out of the bankruptcy estate pursuant to this Court's Order Approving Proposed Compromise does not preclude the deduction of the amount paid to Dr. Beilharz from the maximum exemption amount. The Order only recognized the claim of Dr. Beilharz and allowed it to be paid, but did not speak to the validity of or the amount of, the personal injury exemption. In addition, the Debtor has not shown that a request was made to or granted by the Court to treat the claim as an administrative expense of the bankruptcy estate. Therefore, the assignment can only be seen as an assignment by the Debtor of part of his claim to the proceeds (even though payment was preliminarily made from bankruptcy estate funds) and not the bankruptcy estate's claim. Thus, the resulting net exemption is $2,099.20.[1]

■ The Debtor/Husband also claims an exemption in the amount of $1250.00 pursuant to O.R.C. § 2329.66(A)(12)(d). This section provides an exemption for:

[a] payment in compensation for loss of future earnings of the person or an individual of whom the person is or was a dependent, to the extent reasonably necessary for the support of the debtor and any of his dependents.

There is no doubt that the sums about which the Debtor testified constitute future earnings. In addition, these future earnings were included in the settlement payment for personal bodily injury. The attorney for both the Defendant and the Defendant's insurance company in the settlement proceedings testified on direct examination that an additional amount was included, over and above the amount given for medical bills and lost wages, for abstract damages. On cross-examination, the attorney admitted that these abstract damages could include lost future earnings. However, to be exempt under O.R.C. § 2329.66(A)(12)(d), these future earnings must be "reasonably necessary for the support of the debtor and any of his dependents". O.R.C. 2329.66(A)(12)(d). The Debtor/Husband's lost future earnings were in the form of bonuses and incentive pay. Since bonuses and incentive pay are awarded sporadically, they may not be reasonably relied on by a wage earner to support himself and his dependents. Certainly, there is no evidence to substantiate any such assertion. Therefore, any portion of the settlement received by the Debtor/Husband which could be allocated to his loss of vacation pay, personal days' pay and perfect attendance pay (totaling $1,250.00) is not exempt as a payment for lost future earnings pursuant to O.R.C. § 2329.66(A)(12)(d).

■ Finally, the Trustee argues that amounts which the Debtors owe to the bankruptcy estate for non-exempt cash assets, should be subtracted from any amount exempted. Since the Debtor does not refute this argument, the Court finds

---

1. The $2,099.20 figure was calculated as follows:

$ 5,000.00 maximum exemption amount.
(−) 2,900.80 medical payments to Dr. Beilharz
$ 2,099.20 net exemption amount.

42

that these amounts for non-exempt cash assets, totalling $526.71, should be offset against the exemption amount. Therefore, the total amount exempted for personal bodily injury, pursuant to O.R.C. § 2329.66(A)(12)(c) is as follows:

| $ | 5,000.00 | Maximum exemption amount under O.R.C. § 2329.66(A)(12)(c) |
| (−) | 2,900.80 | Medical payment to Dr. Beilharz |
| (−) | 526.71 | Non-exempt cash assets |
| $ | 1,572.49 | Total amount exempted. |

Therefore, the Court overrules the Trustee's Objection to the Debtors' claim of exemption for personal bodily injury pursuant to O.R.C. 2329.66(A)(12)(c), and the Debtor is allowed an exemption, in the reduced amount as set forth above. The Trustee's Objection to the Debtors' claim of exemption for lost future wages pursuant to O.R.C. § 2329.66(A)(12)(d) is sustained.

IT IS SO ORDERED.