**In re Mickel D. LESTER, Nancy J. Lester, Debtors.**

**Bankruptcy No. 2–89–01506.**

United States Bankruptcy Court, S.D. Ohio, E.D.

Nov. 28, 1990.

Robert Storey, Columbus, Ohio, Chapter 7 Trustee.

Charles M. Caldwell, Office of the U.S. Trustee, Columbus, Ohio.

Leslie Varnado, Jr., Columbus, Ohio, for debtor Nancy J. Lester.

## OPINION AND ORDER ON TRUSTEE'S OBJECTION TO CLAIM OF EXEMPTION

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on the objection of Robert Storey, the duly-appointed trustee of this Chapter 7 bankruptcy estate ("Trustee"), to a claim of exemption asserted by Nancy J. Lester ("Debtor"). The matter was heard by the Court on October 4, 1990.

The Court has jurisdiction in this matter under 28 U.S.C. § 1334(b) and the General Order of Reference previously entered in this district. This is a core proceeding which this Bankruptcy Judge may hear and determine under 28 U.S.C. § 157(b)(2). The following constitute findings of fact and conclusions of law.

### I.  FACTUAL BACKGROUND

Nancy Lester amended her bankruptcy schedules to include as an asset an award of $6,333 resulting from the settlement of a claim against St. Ann's Hospital. The settlement related to an injury she sustained while a patient in the emergency room of the hospital. The total amount of the award was $10,000. After deductions for legal and other expenses, $6,333 remains as her share of that award. The Debtor seeks to claim as exempt $5,400 of that award.

The parties do not dispute the appropriateness of the Debtor's amendment of her schedules to reflect the $6,333 realized from the settlement. However, the Trustee objects to the Debtor's claim of exemption for $5,400 of that award. The Debtor contends, however, that the exemption is warranted by Ohio Rev.Code §§ 2329.-66(A)(12)(c) or (A)(17).

### II.  ISSUE PRESENTED

The issue before the Court is whether any of the Debtor's settlement award may be claimed by her as exempt under the provisions of Ohio Rev.Code §§ 2329.-66(A)(12) or 2329.66(A)(17).

### III.  DISCUSSION

A.  *Exemption Pursuant to Ohio Revised Code § 2329.66(A)(12)(c).*

Under the authority granted to the states by 11 U.S.C. § 522(b), Ohio has "opted-out" of the specific exemption scheme provided by the Bankruptcy Code. Therefore, an Ohio bankruptcy debtor may claim property as exempt from her bankruptcy estate only if Ohio law permits such exemption from the claims of creditors. *See,* Ohio Rev.Code § 2329.662.

Ohio Rev.Code § 2329.66(A)(12) provides in pertinent part:

(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment or sale to satisfy a judgment or order as follows:

\*      \*      \*      \*      \*      \*

(12) The person's right to receive, or moneys received during the preceding twelve calendar months from any of the following:

\*      \*      \*      \*      \*      \*

(c) A payment, not to exceed five thousand dollars, on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the person or an individual for whom the person is a dependent;

■ When an objection is raised to a debtor's claim of exemption, it is the burden of the objecting party to prove that the exemption is not properly claimed. Bankruptcy Rule 4003(c). The rule places upon the objecting party the initial burden of showing the inappropriateness of the asserted exemption. That burden is met by the introduction of evidence which rebuts the *prima facie* effect of the claim of exemption. Successful rebuttal then shifts the burden to the debtor to demonstrate that the exemption is proper. *See, In re Hollar*, 79 B.R. 294, 296 (Bankr.S.D.Ohio 1987).

■ Section 2329.66(A)(12)(c) of Ohio Rev.Code requires allocation to show that the payments actually are for personal bodily injury. The demands of allocation have not been the subject of much case law. However, at least one Ohio Court of Appeals has addressed the issue. With the agreement of the parties, the Court in *Mike v. Rendano* recognized that "the statute does not exempt payments for pain and suffering or compensation for actual pecuniary loss, including medical payments." (Aug. 5, 1985) Mahoning App. No. 84 C.A. 72, 1985 WL 7019 (unreported). This reasoning also is in accord with the federal decisions interpreting this statute. As stated by one court:

> These courts have generally determined that this language allows a debtor a maximum exemption of five thousand dollars ($5,000) from the proceeds of a personal injury settlement separate from payment for pain and suffering or lost wages.

*In re Young*, 93 B.R. 590, 594 (Bankr.S.D. Ohio 1988). *See also, In re Brooks*, 12 B.R. 22, 25 (Bankr.S.D.Ohio 1981).

■ Because the exemption does not include amounts properly attributable either to pain and suffering or to actual pecuniary loss, those amounts must be separated from the total award. Further, pursuant to Ohio Rev.Code § 2329.66(A)(12)(d), payments which compensate for the loss of future earnings are treated as a separate exemption. *See In re Carson*, 82 B.R. 847, 855–856 (Bankr. S.D.Ohio 1987).

Upon consideration of the requirements and limitations of the statute and the allocated burden of proof, the Court concludes that the Debtor's claimed exemption of $5,000 must fail. The Trustee, as the objecting party, met his initial burden of demonstrating that the Debtor's claimed exemption is inappropriate by showing that the Debtor had failed to allocate the award to show that any payments were for personal bodily injury. It is not enough for the Debtor merely to claim the entire amount as exempt. Once that exemption is challenged, some showing must be made that the award is for personal bodily injury and not for pain and suffering or actual pecuniary loss. Placing this burden of production on the Debtor does not violate the requirement of Bankruptcy Rule 4003(c) because the objecting party still initially must establish that the exemption is not properly claimed. That burden is met, however, by a showing that the Debtor has failed to make the necessary allocation. This interpretation reflects the realistic assumption that only the Debtor possesses the evidence to establish proper allocation. If the payment is on account of personal bodily injury, it is exempt. But there is no presumption that an award is only for personal bodily injury.

The Debtor did not sufficiently allocate any of the components of her award. She presented medical records and some medical bills, but none of the net settlement was allocated for pain and suffering or for bodily injury. Where there is no purported allocation, further inquiry by this Court into the appropriate amounts for each component is not warranted.

### B. *Exemption Pursuant to Ohio Rev. Code § 2329.66(A)(12)(d).*

■ The Debtor also claimed as exempt an amount representing some lost wages. Ohio Rev.Code § 2329.66(A)(12)(d) provides:

(A) Every person who is domiciled in this state may hold property exempt ... as follows:

(12) The person's right to receive, or monies received during the preceding twelve calendar months from any of the following:

(d) A payment in compensation for loss of future earnings of the person ... to the extent reasonably necessary for the support of the debtor and any of his dependents.

The evidence established that the Debtor was off work because of her injury for approximately six weeks. She suffered $1,116 in lost wages during that time. While the Debtor claims this amount as exempt, Ohio Rev.Code § 2329.66(A)(12)(d), by its terms, exempts only payments for loss of *future* earnings. The Debtor's evidence clearly indicates that the $1,116 represents wages lost while she was recovering from the injury and not future earnings. The Debtor failed to present any evidence which would indicate that any of the award was attributable to lost future earnings. Accordingly, the Debtor is not entitled to claim any exemption under the provisions of Ohio Rev.Code § 2329.66(A)(12)(d).

### C. *Exemption Pursuant to Ohio Rev. Code § 2329.66(A)(17).*

 While the Trustee's objections to the Debtor's claimed exemption of $5,000 pursuant to Ohio Rev.Code § 2329.66(A)(12)(c) and (d) are well taken, the Debtor is entitled to claim as exempt $400 of the $6,333 settlement award under Ohio Rev.Code § 2329.66(A)(17). This section, which is Ohio's "wild-card" exemption, entitles a debtor in bankruptcy to claim as exempt an interest "not to exceed four hundred dollars, in any property." Accordingly, the Debtor is entitled to claim $400 of the $6,333 award as exempt under the provisions of Ohio Rev.Code § 2329.66(A)(17). "Any property" clearly includes property not exempt under other subsections of § 2329.66.

## IV. CONCLUSIONS

Based upon the foregoing, the Court finds that the Trustee's objection to the Debtor's claim of exemption for a personal injury award is meritorious because the Debtor did not make the showing necessitated by Ohio Rev.Code § 2329.66(A)(12)(c). The Court further finds that the Debtor is not entitled to any exemption pursuant to Ohio Rev.Code § 2329.66(A)(12)(d) for future earnings. However, the Debtor is entitled to claim as exempt $400 of the settlement award pursuant to Ohio Rev.Code § 2329.66(A)(17). Accordingly, the Trustee's objection to the Debtor's claim of exemption in the amount of $5,000 is sustained. The Trustee's objection to the Debtor's claim of exemption in the amount of $400 under the provisions of Ohio Rev. Code § 2329.66(A)(17) is overruled.

IT IS SO ORDERED.