**In re Mickel D. LESTER, Nancy J. Lester, Debtors–Appellants.**

**Mickel D. LESTER, Nancy J. Lester, Appellants,**

**v.**

**Robert STOREY, Trustee, Appellee.**

**Bankruptcy No. C–2–91–111.**

United States District Court, S.D. Ohio, E.D.

July 24, 1991.

Leslie Varnado, Jr., The Legal Aid Soc. of Columbus, Columbus, Ohio, for debtors-appellants.

Robert Storey, Columbus, Ohio, Chapter 7 Trustee.

Charles M. Caldwell, Office of U.S. Trustee, Columbus, Ohio, U.S. Trustee.

## OPINION AND ORDER

KINNEARY, Senior District Judge.

This matter comes before the Court to consider the appeal of Mickel D. Lester and Nancy J. Lester from an order of the United States Bankruptcy Court for the Southern District of Ohio. District Courts have jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy judges. 28 U.S.C. § 158(a); Bankr.R. 8001.

## STATEMENT OF FACTS

The relevant facts are both straightforward and undisputed. On December 12, 1987, Nancy J. Lester [1] was admitted to the emergency room of St. Ann's Hospital in Westerville, Ohio as a result of a seizure disorder. While in the emergency room, Lester suffered a seizure, and as a result of her elbow being locked between the bed and the side rail, she suffered a fracture/dislocation of the right shoulder. Two days later, Lester was released from St. Ann's Hospital. Her shoulder injury, however, required her to visit Northside Physical Therapy, Inc. for a total of nine visits in January and February of 1988.

Because of this injury, Lester retained the services of an attorney, and on April 7, 1989 she received a malpractice settlement from the hospital in the amount of $10,000. The settlement payment was in one lump sum, and it is not clear from the settlement payment or the signed release of all legal claims how much of the $10,000 represents payment for pain and suffering, actual pecuniary loss, the injury itself, etc.

Of the $10,000 received in settlement, $3,333.33 was deducted for attorney fees, $525.00 for expenses for medical reports,

---

1. Lester's previous surname was Carnevale, and her current surname is Bevin. For the sake of clarity, she will be referred to by the surname "Lester," which was her surname at the time this bankruptcy suit was originally filed.

and $47.00 for expenses for medical records. Thus, Lester's net proceeds from the settlement totalled $6,094.67.[2]

On March 17, 1989—less than a month prior to the settlement with St. Ann's Hospital—Lester filed a Chapter 7 Petition in the United States Bankruptcy Court. As originally filed, the contingent personal injury claim was not listed in Schedule B–2 and no exemption was claimed in Schedule B–4. This omission was corrected on August 17, 1989 when Lester filed an amended list of assets and exemptions. In the amendments, Lester claimed as exempt $5,000 of the settlement she received from St. Ann's Hospital. On August 31, 1989, the Trustee filed the objection which is the subject of dispute before this Court.

On October 4, 1990, the bankruptcy court held a hearing to consider the Trustee's objection to Lester's claimed exemption. At the hearing, only the Debtor presented evidence, including both Nancy Lester's testimony and a series of documents relating to the injury, medical expenses, lost wages, etc. On November 26, 1990, the bankruptcy court issued an Order and Opinion denying the exemption. The Debtor seeks review of the bankruptcy court's decision.

## STANDARD OF REVIEW

Bankruptcy Rule 8013 states:

On an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

Thus, with respect to any factual issues, the findings of the bankruptcy judge are entitled to great deference. However, with respect to questions of law, the bankruptcy

court's determinations are not entitled to any substantial deference, and the bankruptcy court's legal conclusions are subject to de novo review by this Court. *In re Branding Iron Motel, Inc.*, 798 F.2d 396 (10th Cir.1986).

## DISCUSSION

The Bankruptcy Act of 1978 permits an individual debtor a choice between two alternative exemption systems. The debtor may choose the statutorily listed uniform bankruptcy exemptions, 11 U.S.C. § 522(b), or the exemptions to which the debtor is entitled under applicable nonbankruptcy federal and state law. 11 U.S.C. § 522(d). Where a state expressly provides, the debtor may be prohibited from electing the list of uniform exemptions.

Using this authority, Ohio has "opted-out" of the specific exemption scheme provided by the Bankruptcy Code. Thus, an Ohio bankruptcy debtor may claim property as exempt from her bankruptcy estate only if Ohio law permits such exemption from the claims of creditors. Ohio Rev. Code § 2329.662.

Ohio Rev.Code § 2329.66(A)(12) provides, in part:

(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment or sale to satisfy a judgment or order as follows:

\* \* \* \* \* \*

(12) The person's right to receive, or moneys received during the preceding twelve calendar months from any of the following:

\* \* \* \* \* \*

(c) A payment, not to exceed five thousand dollars, on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the person or an individual for whom the person is a dependent;

---

**2.** Both the appellee's memorandum and the bankruptcy court's opinion state that Lester's share of the settlement amounted to $6,333. Although it is unclear which amount is correct,

the discrepancy is irrelevant to the issues before this Court. All agree that a personal injury exemption is limited to $5,000. Ohio Rev.Code § 2329.66(A)(12)(c).

Accordingly, a debtor can claim as exempt up to $5,000 of any payment on account of personal bodily injury, excluding amounts compensating the debtor for pain and suffering and actual monetary loss. Difficulty often arises, as it does in this case, where a debtor receives money as a result of a lump sum award or general jury verdict, since such awards frequently fail to divide any of the money into its various component parts (i.e., money for pain and suffering, lost past and future wages, loss of consortium, etc.). Who has the initial burden of proving which parts of the award represent compensation for the various exempt and non-exempt categories is the question of law before this Court.

 When a party objects to a debtor's claim of exemption, it is the burden of the objecting party to prove that the exemption is not properly claimed. Bankruptcy Rule 4003(c). This burden is satisfied where the objecting party introduces evidence which rebuts the *"prima facie* effect of the claim of exemption." *In re Hollar*, 79 B.R. 294 (Bankr.S.D.Ohio 1987) (Sellers, J.). Such a rebuttal shifts the burden to the debtor to demonstrate that the exemption is proper.

 In the action before this Court, the Debtor claimed $5,000 of the malpractice settlement as exempt under Ohio Rev. Code § 2329.66(A)(12)(C). Thus, it is her implied contention that at least $5,000 of the settlement represents an award other than for pain and suffering or actual pecuniary loss, which are both specifically non-exempt under the Ohio statute.

The Trustee claims, and the bankruptcy court agreed, that although the Trustee ultimately has the burden of proof with respect to any objections filed by the Trustee, the Ohio statute requires the Debtor to allocate any amounts received in a personal injury settlement into its various component parts—such as pain and suffering, loss of consortium, actual pecuniary loss, etc. This requirement, the Trustee claims, enables him to decide whether to object to a claimed exemption as compensation for pain and suffering or actual pecuniary loss, and therefore non-exempt under Ohio Rev. Code § 2329.66(A)(12)(c).

Initially, this Court must disagree with the bankruptcy court's conclusion that the Trustee, as the objecting party, "met his initial burden of demonstrating that the Debtor's claimed exemption is inappropriate by showing that the Debtors failed to allocate the award to show that any payments were for personal bodily injury." *In re Lester*, 124 B.R. 63, 65 (Bankr.S.D.Ohio 1990). Such a holding imputes to the debtor an obligation that simply does not exist, and fails to require the Trustee to meet his burden of producing evidence in support of his objection. Simply put, the Trustee does not satisfy his burden merely by pointing to the Debtor's failure to allocate the settlement into its component parts, and § 2329.66(A)(12)(c) does not require otherwise. Indeed, a state cannot shift the burden of proof in a manner inconsistent with Bankruptcy Rule 4003(c). While the Bankruptcy Code allows states to opt out of the federal exemption scheme and create an alternative list of exemptions, the Code does not in any manner provide a state with the ability to override the procedural requirements of Rule 4003(c). *See, e.g.,* 5 Fed.Proc., L.Ed. § 9:368 ("Although a state may enact its own bankruptcy exemption laws, there is no specific authority for states to enact laws beyond selecting the debtor exemption entitlement ...").

Thus, to the extent the bankruptcy court below placed upon the Debtor the burden of proving the allocation of her personal injury settlement into the various exempt and non-exempt categories, that decision was erroneous and is reversed. Rather, the interplay between the federal Bankruptcy Code and Rules and the Ohio exemption statutes suggests that the Debtor need only *characterize* her settlement amount as falling within an exempt category; the Debtor need not *allocate* any amounts into exempt categories, at least if the term "allocate" is intended to suggest

that the Debtor must make some affirmative evidentiary showing.[3]

Therefore, the plain meaning of Bankruptcy Rule 4003(c) leads this Court to hold that the burden of proof is initially placed upon the Trustee with respect to any objections he files, and that this burden does not shift to the Debtor merely upon a showing that the Debtor has failed to allocate the personal injury settlement into its various component parts. Rather, as long as the Debtor either expressly or impliedly *characterizes* the settlement as falling within an exempt category, the Trustee retains the burden of proof and must present evidence to the court if he wishes to prevail on his objection.

Although several bankruptcy court decisions from this district may appear to hold otherwise, they were decided before the enactment of Bankruptcy Rule 4003 and are therefore inapposite. *See, e.g., In re Brooks,* 12 B.R. 22, 25 (Bankr.S.D.Ohio 1981); *In re Hill,* 5 B.R. 518, 519–20 (Bankr.S.D.Ohio 1980). Decisions after the enactment of Rule 4003 clearly support this Court's holding. *See, e.g., Matter of Young,* 93 B.R. 590, 595 (Bankr.S.D.Ohio 1988).

This reading of the interplay between the Ohio statute and the Bankruptcy Rules is consistent with the findings of other courts interpreting similar statutes in other jurisdictions. For example, in *In re Blizard,* 81 B.R. 431 (Bankr.W.D.Ky.1988) the bankruptcy court noted that:

> [U]nder Bankruptcy Rule 4003(c) the burden of proof is on the party objecting to the exemption. As a general rule, the exemption statutes favor the debtor and are to be liberally construed ... Where an issue is left in doubt by the proof so that the Court would be required to speculate, the party upon whom the burden of proof ultimately rests must lose ... Under the facts in this case, it would appear to be impossible for the trustee to

sustain that burden and his objection to the exemption must be overruled.

81 B.R. at 432.

Similarly, in *Matter of Harris,* 50 B.R. 157 (Bankr.E.D.Wis.1985), the bankruptcy court explained:

> [T]he parties did not specify whether this settlement covered medical expenses, pain and suffering, pecuniary loss or anything else.... Bankruptcy Rule 4003(c) places on the objecting party the burden of proving that exemptions are not properly claimed. Hence, the court must conclude ... that the objecting parties failed to meet this burden. No evidence was presented, medical or otherwise, that would indicate that all or any part of the [settlement] was an award for pain and suffering and thus not subject to exemption.... Thus, the court must conclude that the exemptions the debtor claimed ... are proper and must be allowed.

50 B.R. at 159. *See also In re Miller,* 36 B.R. 420 (Bankr.D.N.M.1984) ("Since Bankruptcy Rule of Procedure 4003(c) places the burden of proof on the party objecting to the claim of exemption, and the Trustee has adduced no evidence contradicting the Debtor's *characterization* of the settlement as compensation for future lost earnings, the Debtor's position must be accepted") (emphasis added).

In the absence of any evidence presented by the Trustee, this Court may simply accept the Debtor's characterization of her claim as falling within an exempt category as long as it appears from the facts that the claimed personal injury award could reasonably fall within an exempt category. *See, e.g., In re Territo,* 36 B.R. 667, 670 (Bankr.E.D.N.Y.1984) ("I also find that despite any pain and suffering that presumably accompanied that injury, the injury alone was extensive enough to account for all of the money received in settlement of his state court action ..."); *In re Haga,* 48 B.R. 492, 495 (Bankr.

---

**3.** Although this Court must ultimately disagree with the bankruptcy court's conclusion, the lower court did identify the proper standard when it stated that the Trustee meets his burden "by

the introduction of evidence which rebuts the *prima facie* effect of the claim of exemption." *In re Lester,* 124 B.R. at 65.

E.D.Tenn.1985) ("Here, the debtor's actual bodily injury and resulting disability are extensive enough to account for at least $7,500.00 of the damages awarded. The debtor is thus entitled to the full $7,500.00 exemption under [Tennessee law]"). This result naturally follows from Bankruptcy Rule 4003(c)'s placement of the burden of proof on the objecting party; in the face of a reasonable claim and the absence of any evidence to the contrary, the burdened party must lose.[4]

■ Thus, the only unresolved question before the Court is whether the Debtors have asserted an exemption that reasonably falls within Ohio Rev.Code § 2329.-66(A)(12)(c). As with all exemption statutes, it must be liberally construed in favor of the debtor. *Matter of Young*, 93 B.R. 590 (Bankr.S.D.Ohio 1988).

While this final determination may initially appear to be without difficulty, the poorly-chosen words that comprise § 2329.-66(A)(12)(c) transform this task into one of needless intricacy. The statute expressly excludes from exemption both compensation for "pain and suffering" and compensation for "actual pecuniary loss." On its face, it only expressly includes within the exemption compensation received on account of "personal bodily injury." Unfortunately, no definition is provided in the statute for any of these terms, and Ohio's courts have not clarified the issue.

■ Initially, this Court is left wondering what the legislature intended to be exempt when both pain and suffering and actual pecuniary loss are excluded from the exemption. With respect to 11 U.S.C. § 522(d)(11)(D), the federal counterpart to Ohio's personal injury exemption,[5] one bankruptcy judge considered this exact question and concluded that:

If read literally, it could be reasonably concluded from the plain language of the statute that there exists no meaningful exemption for personal injuries, because if actual pecuniary loss and pain and suffering are excluded from exempt status, as the statute seems to say, there is really nothing left. As least one other bankruptcy court has reached such a conclusion and has determined that this could not have been the intention of Congress. *Matter of Lynn*, 13 B.R. 361 (Bankr.W.D.Wis.1981).

*In re Territo*, 36 B.R. 667, 670 (Bankr. E.D.N.Y.1984). Thus, given that Congress clearly did not intend to provide a useless exemption, the court in *Territo* concluded that a Debtor should be allowed the exemption merely upon a showing that the Debtor has suffered an actual bodily injury. The court required no further evidence, and absent a contrary showing by the Trustee, the Debtor's characterization of the award was accepted. *See also In re Johnson*, 108 B.R. 240, 244 (Bankr.D.N.D.1989) ("While actual personal bodily injury ... is not defined by the Code, the Debtor's injuries must be substantial enough to qualify as a personal injury.... The parties have agreed that [the debtor] suffered a bodily injury which was serious enough to attribute $7,500.00 of compensation. Absent a clear definition under the Bankruptcy Code this court will accept that the injury was both personal and serious.").

The position that the exemption was intended to include only compensation for actual personal bodily injuries is supported by the federal statute's legislative history. The House Report indicates that the provision

is designed to cover payments in compensation of actual bodily injury, such as the loss of a limb, and is not intended to include the attendant costs that accompa-

---

**4.** This Court's use of the term "reasonable claim" should not be interpreted to impose upon the Debtor anything but the slightest of burdens. In most cases, without evidence to the contrary, a court may accept the Debtor's claim as reasonable without an evidentiary showing. In the case *sub judice,* the Debtor has made an affirmative evidentiary showing which she was not required to make.

**5.** In the absence of both Ohio legislative history and case law, this Court may consult both the legislative history and decisional law interpreting the federal exemption, since both statutes contain the same language and the Ohio legislature apparently adopted the federal exemption. *In re Carson,* 82 B.R. 847, 855 (Bankr.S.D.Ohio 1987).

ny such a loss, such as medical payments, pain and suffering, or loss of earnings.

H.R.Rep. No. 595, 95th Cong. 1st Sess. 362, *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 5963, 6318.

 In summary, although the wording of the statute makes any determination by this Court unnecessarily difficult, it is apparent that the statute was intended to allow a debtor to claim as exempt up to $5,000 received as compensation for personal bodily injury—so long as the money is specifically not intended as compensation for pain and suffering or actual pecuniary loss. This Court accepts the conclusions of the above-cited cases that—in the absence of any evidence presented by the Trustee—as long as it reasonably appears that the monetary award is compensation for a personal bodily injury sustained by the Debtor, and that the actual injury is substantial enough to reasonably account for the value of the claimed exemption, then the exemption must be allowed. As previously stated, the Debtor need only claim the exemption, and the Trustee is then required to present evidence in opposition to the claim if he makes an objection. The Ohio statute does not in any manner shift the burden of proof, or require the Debtor to do more than characterize the settlement as falling within an exempt category.

Given this holding, it necessarily follows that the Debtor's exemption must be allowed, and the Trustee's objection overruled. From the testimony and documents presented at the hearing before the bankruptcy judge, it is undisputed that Nancy Lester suffered a substantial personal bodily injury, and in return, received $10,000. It is undoubtedly true that some of the $10,000 received was intended as compensation for actual pecuniary loss and pain and suffering. However, it would be pure speculation for this Court—or any court—to now attempt to categorize the various components of the settlement award. Suffice it to say, without a contrary showing by the Trustee, the record in this case demonstrates that the injury suffered by the Debtor was substantial

enough to warrant an award of $5,000 *for the injury itself,* without regard to pain and suffering or pecuniary loss, and that the exemption must therefore be allowed.

WHEREUPON, upon consideration and being duly advised, the Court finds the bankruptcy court's application of the exemption statute to be in error, and the decision is, therefore, REVERSED. The Trustee's objection is overruled, and the Debtor's $5,000 personal injury exemption shall be allowed.

IT IS SO ORDERED.