**In re Ronald R. WATSON and Dennis C. Watson, Debtors.**

**Bankruptcy No. 93–32185.**

United States Bankruptcy Court, N.D. Ohio, Western Division.

Sept. 12, 1995.

584

Louis J. Yoppolo, Trustee, Toledo, OH.

Elliot H. Feit, Toledo, OH, for debtors.

## MEMORANDUM OPINION AND DECISION

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon Trustee's Objection to Exemption, and the Debtor's Brief in Opposition. This Court has reviewed the arguments of counsel, exhibits, as well as the entire record of the case. Based upon that review, and for the following reasons, the Court finds that the Trustee's Objection to exemptions claimed under Ohio Revised Code § 2329.66(A)(12)(c) and (d) shall be continued.

## FACTS

The present case arises from what was originally a Chapter 13 proceeding filed on July 26, 1993, which was subsequently converted into a Chapter 7 proceeding upon the Debtor's Motion on March 3, 1994. Debtors included as an asset in both the Chapter 13 and Chapter 7 cases a personal injury claim arising from an automobile accident on November 18, 1991, in which Debtor Dennis Carol Watson was allegedly injured. Debtors did not initiate this personal injury action in state court until November 18, 1993. At the present time, this action has not been tried or settled.

The Debtors claim exemptions in portions of the personal injury cause of action under Ohio Revised Code § 2329.66(A)(12)(c) and (d) to the extent allowable under those provisions. The Trustee has objected to the exemptions, and a Hearing was held. At the Hearing, the Court instructed both parties to file briefs on the legal issues raised by the Trustee's objection. The briefs having been filed, the matter is now decisional.

## LAW

The Ohio Revised Code provides in pertinent part as of the date of this Opinion:

O.R.C. § 2329.66 **Property that person domiciled in this state may hold exempt**

(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:

(12) The person's right to receive, or moneys received during the preceding twelve calendar months from[,] any of the following:

(c) A payment not to exceed five thousand dollars, on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the person or an individual for whom the person is a dependent;

(d) A payment in compensation for loss of future earnings of the person or an individual of whom the person is or was a dependent, to the extent reasonably necessary for the support of the debtor and any of his dependents;

It should be noted that the comma bracketed above represents a change added to this section by the 1992 Ohio Senate Bill No. 300, approved August 6, 1992, and effective November 5, 1992.

The Bankruptcy Code and Rules provide in pertinent part:

**11 U.S.C. § 522.  Exemptions**

(d) The following property may be exempted [unless the State law does not authorize]:

(11) The debtor's right to ·receive, or property that is traceable to—

(D) a payment, not to exceed $15,000, on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependant; or

(E) a payment in compensation of loss of future earnings of the debtor or an individual of whom the debtor is or was a dependant, to the extent reasonably necessary for the support of the debtor and any dependant of the debtor.

**Bankruptcy Rule 4003.  Exemptions**

**(b) OBJECTIONS TO CLAIM OF EXEMPTIONS.**  The Trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a) or the filing of any amendment to the list or supplemental schedules unless, within such period, further time is granted by the court.  Copies of the objections shall be delivered or mailed to the trustee and to the person filing the list and the attorney for such person.

**(c) BURDEN OF PROOF.**  In any hearing under this rule, the objecting party has the burden of proving that the exemptions are not properly claimed.  After hearing on notice, the court shall determine the issues presented by the objections.

### DISCUSSION

Matters concerning the allowance or disallowance of exemptions from property of the estate are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(B).  Thus, this case is a core proceeding.

■ The issue before the Court involves the legal interpretation of Ohio Revised Code (hereafter "O.R.C.") § 2329.66(A)(12)(c) and (d) generally, as well as the factual question of whether the Debtors are presently entitled to an exemption based on the facts available in this case.  Initially, the Court must determine the proper interpretation of the meaning of the approximate phrase "right to receive a payment" found in O.R.C. § 2329.66(A)(12).  The Trustee argues that the Debtors cannot claim the exemptions because O.R.C. § 2329.66(A)(12) requires the Debtors to show a right to receive payment from the personal injury claim during the preceding twelve months before the bankruptcy filing.  Thus, the Trustee argues, because the Debtors did not even initiate a personal injury action until November 18, 1993, nearly four and one-half months after the filing of their bankruptcy petition, there was no right to receive payment.  Further, the Trustee argues that the Debtors have not shown any actual bodily injury that would entitle them to an exemption under O.R.C. § 2329.66(A)(12)(c), or loss of future income under O.R.C. § 2329.66(A)(12)(d).

In support of his position the Trustee cites an unpublished opinion, *In re Rice,* Case No. 93–10328 (Bankr.N.D.Ohio 1994).  In *Rice,* the debtor had also been involved in an accident before the filing of his Chapter 7 bankruptcy petition and tried to claim O.R.C. § 2329.66(A)(12)(c) and (d) exemptions.  The Bankruptcy Court denied the debtor's exemption because the debtor had not liquidated his claim in the preceding twelve months of the bankruptcy filing.

It should first be noted that the *Rice* Court was using a copy of the Ohio Revised Code which did not contain a comma added to O.R.C. § 2329.66(A)(12) by 1992 Ohio Senate

Bill No. 300, approved August 6, 1992, and effective November 5, 1992. As the effective date of this revision predates both the Debtor's Chapter 13 and Chapter 7 bankruptcy petitions, it is clearly applicable to this case. Even so, as the 1992 Ohio Senate Bill No. 300 was enacted for purposes unrelated to this particular exemption, this Court concludes that the revision was intended as a clarification of the meaning of the exemption, and not as a change from a previously different meaning. Thus, this Court finds it necessary to analyze the *Rice* Court's interpretation of the statute.

The *Rice* Court gave two reasons for its holding, both based upon the comparisons of O.R.C. § 2329.66(A)(12) with the similar exemption found in the Bankruptcy Code, 11 U.S.C. § 522(d)(11)(D). The *Rice* Court first reasoned that because Ohio opted out of the federal exemptions, there was an intent evidenced by the Ohio legislature to prevent the Bankruptcy Code exemptions from becoming automatically effective. Thus, the Court concluded, Ohio appears to have rejected the federal scheme which includes the federal provision for exemptions of payments for personal injury claims found in 11 U.S.C. § 522(d)(11)(D). Second, the Court determined that because the language of O.R.C. § 2329.66(A)(12) does not contain the "traceable . . . to a payment on account of personal bodily injury" language found in 11 U.S.C. § 522(d)(11)(D), the Ohio legislature must have intended that the payments be liquidated within the twelve months preceding the bankruptcy.

This Court does not agree with the *Rice* Court's interpretation of the statute. Such an interpretation goes against the plain language of the statute, considering the comma added by the Ohio legislature and disjunctive "or" found in O.R.C. § 2329.66(A)(12). The plain language of the subsection allows an exemption when someone has a "right to receive" payment of a kind specified in subsections (a), (b), (c), or (d), *or* when someone has actually received moneys from a payment of the types found in (a), (b), (c), or (d) within twelve months before the filing of the bankruptcy petition. The twelve month limitation in the Ohio statute as opposed to the Federal

counterpart would seem to evidence a legislative willingness to limit the time in which debtors can claim exemptions in monies already received, and has nothing to do with rights to receive payments upon which monies have not yet been received.

Thus, it is this Court's opinion that the clear and unambiguous purpose of the statute is to provide for exemptions for awards or payments of the types specified in either O.R.C. § 2329.66(A)(12)(a), (b), (c), or (d) in either of two circumstances: either (1) the debtor has the right to receive such a payment but has not yet, no matter how old that right may be, or (2) the debtor has monies received during the preceding twelve months which were received for payments or awards of the types specified in the subsections.

■ This Court can find no requirement that a right to receive payment must be substantially liquidated. However, the liquidation of this right would serve to prove that such a right indeed exists. Thus, the proper question to be resolved here is at what time the bankruptcy court should make a determination that the exemption right does or does not exist. Because the resolution of the timing issue may turn on the purpose of the exemption, this Court will first consider the legislative intent and particular requirements of the exemption. The Court will first consider the O.R.C. § 2329.66(A)(12)(c) exemption.

Subsection (c) of § 2329.66(A)(12) provides for an exemption for a payment "on account of bodily injury, not including pain and suffering or compensation for pecuniary loss" of the debtor or his dependant. The language used in this subsection has caused courts consternation in interpreting exactly what type of loss was intended to be exempted by the drafters. See *In re Bates,* 123 B.R. 38, 40 (Bankr.S.D.Ohio 1990). Other Courts have noted that, "[I]t could be reasonably concluded from the plain language of the statute that there exists no meaningful exemption for personal injuries, because if actual pecuniary loss and pain and suffering are excluded from exempt status, as the statute seems to say, there is really nothing left." *In re Lester,* 141 B.R. 157 (S.D.Ohio 1991) (quoting *Matter of Lynn,* 13 B.R. 361 (Bankr.

W.D.Wis.1981) and analogizing O.R.C. § 2329.66(A)(12)(c) with the similar language of 11 U.S.C. § 522(d)(11)(D), the federal counterpart). See also *In re Bates,* 123 B.R. at 40. Because it appears obvious that the legislature intended to provide an exemption for *something.* Courts have struggled to determine exactly what that must be. See *Lester,* 141 B.R. at 163; *Bates,* 123 B.R. at 40–41.

■ Some courts, including this Court, have resolved this issue by holding that the legislature must have intended to provide an exemption for payments received for "actual bodily injuries" such as loss of limb or loss of work skills. *In re Yohnke,* 13 B.R. 121, 122 (Bankr.N.D.Ohio 1981); *Lester,* 141 B.R. at 164; *Bates,* 123 B.R. at 40. Further, this Court agrees with the analysis of the Court in *Bates, supra,* and holds that O.R.C. § 2329.66(A)(12)(c) was intended to provide the debtor who suffered personal injuries (and receives payments for these injuries) an exemption to the extent that the payment was received for "actual bodily injuries," which are those injuries arising where the accident was severe, impaired the debtor's ability to work, or caused permanent injury. 123 B.R. at 40. This conclusion is also in accordance with the longstanding principle that laws exempting a debtor's properties from execution should be liberally construed in favor of a debtor. *State ex re. Coles v. Shook,* 97 Ohio St. 164, 118 N.E. 1010 (1918). See also *In re Rhinebolt,* 131 B.R. 973, 975 (Bankr.S.D.Ohio 1991); *Bates,* 123 B.R. at 40; *Matter of Young,* 93 B.R. 590, 595 (Bankr.S.D.Ohio 1988); *In re Simon,* 71 B.R. 65, 66 (Bankr.N.D.Ohio 1987).

To summarize, to the extent the Debtors claim an exemption under subsection (c) of O.R.C. § 2329.66(A)(12), this Court must make a determination whether (1) right to payment for personal injury exists, or whether the debtor has actually been paid within the previous twelve months prior to bankruptcy filing, and if so, (2) whether or in what portion this payment represents an award for an "actual bodily injury" as defined above. If the Court finds such a right to payment, the Debtor may claim it as exempt to the

extent of Five Thousand Dollars ($5,000.00) as specified in the statute.

With the nature of the inquiry and the purpose of the exemption in mind, the Court can now address the issue of timing. That is, when should the aforementioned determinations be made. It appears obvious that it is appropriate for a debtor to list a personal injury action as an asset in his schedules, and also claim an exemption in the asset, at the commencement of the case. This is true whether or not the personal injury suit is liquidated. It is also appropriate that a trustee would seek a determination of the extent of the debtor's interest in the asset, and timely file an objection to the claimed exemption. Thus, as in the case at bar, it is not unlikely that the parties are in a position of arguing about the propriety of an exemption in an asset which may or may not be worthless, and may or may not be exempted in whole or in part.

■ Considering the intent of the drafters of O.R.C. § 2329.66(A)(12)(c) to provide that debtors who have suffered actual bodily injuries may retain a portion of the payments received for this injury, it is this Court's opinion that the Trustee's Objection should be continued until such time as the personal injury action becomes liquidated. At that time, an evidentiary hearing can be held and the parties can present evidence to the Court as to the nature of the award as outlined above.

However, it should be noted that situations could exist where the personal injury is clearly of the severity and nature that would entitle the debtor to an exemption even before the personal injury case is finally liquidated. In that case, if a party feels that evidence could be adequately presented before liquidation that would strongly prove or disprove the likelihood of an "actual bodily injury," such as a loss of limb or other permanent injury, the debtor could request a hearing on the objection at that time. Otherwise, the determination should wait for the resolution of the personal injury action.

The Trustee, in his brief to the Court, argues that the Debtors have not shown that they are entitled to an exemption under O.R.C. § 2329.66(A)(12). The Trustee must

bear in mind that the burden is on the objector to disprove the propriety of the exemption under Bankruptcy Rule 4003(c). Because the Trustee has not put forth evidence to show that no portion of the possible award could be attributed to "actual bodily injury" as defined above, he cannot prevail. As noted by the Court in *Lester*, the trustee cannot satisfy this burden simply by pointing to the debtor's inability to prove a strong likelihood of an award of the nature required for the exemption. 141 B.R. at 161. The Trustee must do more to shift the burden.

But neither can the Debtors prevail at this time. This Court could issue an Order that states that the Debtors are entitled to an exemption to the extent that it receives an award for "actual bodily injuries," but this would be no more than a statement of the law. The parties would be back in this Court asking for an evidentiary interpretation of its prior Order upon the liquidation of the personal injury action, and nothing would have been gained. The matter is simply premature.

 The Debtors have also claimed an exemption under subsection (d) of O.R.C. § 2329.66(A)(12). This subsection provides an exemption for payments in compensation of loss of future earnings of the debtor or his dependant, to the extent reasonably necessary to support himself or his dependant. As with subsection (c), subsection (d) provides that the payment can be exempted in either of two circumstances. That is, either (1) the debtor has the right to receive such a payment but has not yet, no matter how old the right may be, or (2) the debtor has received monies during the preceding twelve months as payments of this type. For the similar reasons as those detailed above, this Court finds that a determination of the propriety of an exemption under this subsection (d) is also premature at this time.

In reaching the conclusion found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this opinion.

Accordingly, it is

**ORDERED** that the Objection of the Trustee to the Debtors' claim of exemption under Ohio Revised Code § 2329.66(A)(12)(c) and (d) be, and is hereby, *CONTINUED* until Further Order of this Court. Upon appropriate Motion of the Trustee or the Debtors, this Court will set this matter for Hearing.