**In re ESTATE OF Wanda Marie SHAHAN, Debtor.**

**Bankruptcy No. 283–00191.**

United States Bankruptcy Court,
N.D. Texas,
Amarillo Division.

April 3, 1984.

Charles Hester, Jr., Canyon, Tex., for debtor.

O.M. Calhoun, Trustee.

## MEMORANDUM AND ORDER

BILL H. BRISTER, Bankruptcy Judge.

Wanda Marie Shahan, debtor, filed petition for order for relief under Chapter 7 of Title 11, United States Code on November 1, 1983. Approximately one year earlier on November 6, 1982, she had suffered personal injuries in an automobile collision, incurring expenses for doctors and hospitals, as well as other damages. She assigned to Amarillo Hospital District her cause of action against the adverse driver, to the extent of its interest, and also assigned a portion of her claim against the adverse driver to the doctors who had treated her in connection with those injuries suffered as a result of the collision. The hospital district claim totalled $13,128.35 and the claim of the doctors totalled $3,083.50.

After the bankruptcy petition was filed the insurance carrier for the adverse driver tendered policy limits of $25,000.00 after first paying over to debtor's doctors the amount of their aggregate claims of $3,083.50. The Amarillo Hospital District claims entitlement to $13,128.35 to be paid to it from the balance of $21,916.50, basing its claim on the contractual assignment from the debtor as well as on a statutory hospital lien. Debtor claims entitlement to $7,500.00 of that balance as exempt property under § 522(d)(11)(D).[1] The trustee does not challenge debtor's claim of exemption, but posits that those monies totalling $3,083.50 (and which were paid on account of the postpetition assignment executed by

---

1. Under that provision of § 522(d) which sets out the federal bankruptcy exemptions the debtor may exempt property that is traceable to a payment, not to exceed $7,500.00, on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent. In addition to that specific exemption debtor arguably might claim entitlement to the "wild card" or "spillover" exemption totalling $7,900.00 provided by § 522(d)(5).

debtor) should be charged against debtor's claimed exemption.

No serious challenge has been advanced to the claim of Amarillo Hospital District. If its payment was based only on the prepetition assignment executed by debtor, a preference argument might be appropriate. However, the hospital district also bases its claim on the lien provided by V.A.T.S. art. 5506a et seq. The hospital district has furnished proof of the reasonableness and the necessity of the charges which it has made for the hospitalization of debtor. I find, therefore, that Amarillo Hospital District is properly entitled to a security interest in the settlement proceeds to secure its reasonable and necessary claim of $13,128.35 and that the trustee should pay those monies over to that claimant.

I also find that the debtor is entitled to receive the amount of her exemption claim of $7,500.00, without any deduction for the payments made to the doctors. Arguably there could be merit in the trustee's position that those payments aggregating $3,083.50 constitute preferential transfers to those doctors which, under the trustee's avoiding powers, could be set aside and recovered. However, that issue is not presently before the Court and no expression of validity of that argument should be implied from this memorandum. It is sufficient to say that the trustee has the right to have issue joined on that preference claim and any such issue will be resolved in due course.

It is, therefore, ORDERED by the Court that the trustee be, and he is hereby, authorized and directed to pay from the settlement proceeds the following sums:

1. To the Amarillo Hospital District the sum of $13,128.35 in payment of its secured hospital lien; and

2. To Wanda Marie Shahan, debtor, the sum of $7,500.00 in payment of the exemption to which she is entitled by virtue of the provisions of § 522(d)(11)(D).

All relief not herein granted is denied.