In re Patricia D. PATTERSON, Debtor.

Bankruptcy No. 89–30992–C.

United States Bankruptcy Court,
W.D. Texas,
El Paso Division.

July 3, 1991.

Donald S. Leslie, El Paso, Tex., for trustee.

Carl Johnson, Johnson and Havekost, El Paso, Tex., for debtor.

## ORDER DETERMINING DISBURSE-MENT OF SETTLEMENT PROCEEDS

LEIF M. CLARK, Bankruptcy Judge.

CAME ON for hearing the Motion of Donald S. Leslie, Trustee for Determination as to Disbursement of Settlement Proceeds. Upon consideration thereof, the court makes the following findings and conclusions:

Ms. Patricia D. Patterson ("Debtor") filed her petition for relief under Chapter 7 on November 17, 1989. Among the assets of this estate [1] is a personal injury claim which was pending prior to the filing of this proceeding and which, by this Court's January 31, 1990 Order, was deemed to be exempt only to the extent imposed by 11 U.S.C. Section 522(d)(11)(D).[2] A settlement of claim has been reached, and Movant simultaneously filed a Motion for Compromise of Controversy which was approved on February 6, 1991. The settlement is for the sum of Sixteen Thousand Dollars ($16,-000.0) paid to the Debtor and the Estate from Allstate Insurance Company/Avis Rent A Car, Vehicle Rentals, Incorporat-

---

1. Before the recovery of the settlement proceeds, this was a "no asset" case.

2. The Trustee's Objection to the Debtor's claim of the personal injury exemption was sustained to the extent that the claim exceeds a payment not to exceed $7,500.00 on account of personal bodily injury not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the Debtor is a dependent. See 11 U.S.C. § 522(d)(11)(D).

ed/Jeffrey Harrison, the receipt of which is acknowledged by the Trustee.

Mr. James F. Scherr, Debtor's pre-petition counsel and employed by the Trustee to continue representation of the Debtor and the Estate pursuant to this Court's April 2, 1990 Order, is seeking compensation and reimbursement of expenses. The compensation sought is based on a pre-petition one-third contingency fee contract in the sum of $5,333.33, plus expenses totalling $157.58 and sums paid to professionals totalling $1,073.78, leaving a balance of $9,435.31 for the benefit of the Debtor and the Estate.

If the Debtor is allowed to receive the $7,500.00 claimed as exempt, the estate would only benefit by $1,935.31. The Trustee questions whether the Debtor should pay a portion of the attorney's fees and expenses from the settlement proceeds to which the Debtor is entitled. Meanwhile, the Debtor claims that she is entitled to receive $7,500.00 on account of personal injury and that the remainder of the settlement was allocated as compensation for actual pecuniary loss, loss of future earnings, and for compensation attributable to pain and suffering, *not* personal injury. Thus, she pleads that she is entitled to the remaining $1,935.31 by way of the exemptions pled in the original petition as payments in compensation for loss of future earnings under 11 U.S.C. § 522(d)(11)(E) or for amounts allowed under Section 522(d)(11)(D).

The parties were given the opportunity to supplement the record in this matter. The Trustee has informed the Court that a lawsuit regarding to this personal injury claim was never filed and that the settlement was made without an written allocation of the settlement proceeds. Representations were made by the Trustee (by way of letter to the court), stating that Mr. Scherr's recollection is that the settlement was in recognition of past and present pain and suffering, loss of earnings, mental anguish, impairment or loss of enjoyment of life, past and future medical bills, and loss of earning capacity. However, neither party has offered competent, admissible evidence to this effect.

Mr. Scherr's fee arrangement is a pre-petition executory contract which has neither been assumed nor rejected by the Trustee. Without court approval of Mr. Scherr's employment, he would have performed for the estate as a volunteer and would not be entitled to an unsecured claim much less an administrative expense claim against the estate. *See In re Downtown Investment Club III,* 89 B.R. 59, 63–64 (9th Cir.BAP 1988); *see also Matter of Consolidated Bancshares, Inc.,* 785 F.2d 1249, 1257 (5th Cir.1986) (fee splitting not compensable without court approval). However, this court in its April 2, 1990 Order authorized the Trustee's employment of Mr. Scherr to continue his efforts to collect on or settle the personal injury claim, which efforts were apparently successful.

Because the performance of Mr. Scherr recovered a $16,000.00 asset for the estate, he is entitled to an administrative expense claim in the amount of $5333.33 in attorney's fees, plus $157.88 for out of pocket expenses and $1,073.78 for payments made to professionals. 11 U.S.C. § 503(b)(4). The question presented, however, is out of which portions of the settlement do we disburse the attorney's fees.

Property of the estate consists of "all legal or equitable interest of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Estate property includes property to be exempted until it is claimed and distributed as exempt. *Cyrak v. Poynor,* 80 B.R. 75, 79 (N.D.Tex. 1987); *see also Hardage v. Herring Nat'l bank,* 837 F.2d 1319, 1322 (5th Cir.1988) (cotton crop not claimed exempt at time of sale was property of the estate).

If we compare Section 522 with other sections of the Bankruptcy Code, it becomes evident that Congress did not intend for debtors to pay a portion of the attorney's fees out of their exempt property. *Compare* 11 U.S.C. § 506(c) *with* 11 U.S.C. § 522. Section 506(c), for example, permits certain estate expenses to be charged against a particular creditor's collateral in the appropriate circumstance. 11 U.S.C. § 506(c). Congress thus knew how to tax particular portions of estate proper-

ty for specific expenses, yet it did not provide a parallel counterpart in Section 522, to authorize the taxing of estate expenses against a debtor's exempt property. The court has not been presented with any equitable consideration that would otherwise warrant taxing a portion of these attorney's fees against the debtor's exempt property in this case. If the estate authorizes the employment of the attorney and the attorney recovers property for the estate, the attorney's fees should be paid out of the estate regardless of whether portions of the property recovered are exempt. *Cf. In re Estate of Shanan,* 40 B.R. 608, 609 (Bankr.N.D.Tex.1984) (hospital lien paid out of estate proceeds without regard to debtor's exempt portion). Therefore, because Mr. Scherr's employment was court authorized, his fees should be disbursed from the gross proceeds realized by the estate and should not be taxed in whole or in part against the Debtor's exemption out of that property.

■ Although the Trustee has not expressly requested a fee, he is entitled to recover his statutory fee out of the settlement proceeds for his recovery and disbursement of the $16,000.00 settlement. 11 U.S.C. § 326(a). For the same reasons stated with respect to the attorneys fees, the disbursement of this fee is also done without regard to the Debtor's exemption. The Trustee's fee of $660.00 will therefore next be deducted from the settlement proceeds, again before reaching the exemption question.

The heart of this dispute involves the disposition of the net remainder, after the deduction of these fees. How much of the remainder should the Debtor receive as her exemption? The Trustee earlier objected that the debtor could not claim more than $7,500 of the settlement as exempt on account of personal injury, exclusive of pain and suffering or compensation for actual pecuniary loss of the Debtor or any individual of whom the Debtor is a dependent. *See* 11 U.S.C. § 522(d)(11)(D). That objection was sustained. What remains is to decide whether the balance can be claimed by the debtor as exempt under the pain and suffering or compensation for actual pecuniary loss provisions of Section 522(d)(11)(E).

Generally, it is the initial burden of the Debtor to establish the right to claim the exemption. *See In re Russell,* 60 B.R. 190, 194 (Bankr.M.D.Fla.1986). Apparently, all that the Debtor must do to support a *prima facie* case is to claim the property as exempt. *See* R.Bankr.P. 4003(c) (objecting party has burden to show that exemption is not claimed properly). The case law generally holds that once the debtor makes this *prima facie* showing, the burden shifts, and the ultimate burden of persuasion is on the objecting party to present evidence that the claim cannot be sustained under applicable local law. *See In re Russell,* 60 B.R. at 194; *see also* R.Bankr.P. 4003(c) (burden of proof on objecting party). More recent cases have cast doubt on the efficacy of this rule of allocation of the burden of proof by questioning whether the "deemed exempt" provision of Section 522(*l*) really means what it says. *See In re Sherk,* 918 F.2d 1170 (5th Cir.1990); *In re Peterson,* 920 F.2d 1389 (8th Cir.1990) (both cases disapproving of "exemption by declaration").

■ We do not need to reach whether this placement of the burden of persuasion is appropriate because, by a previous interlocutory order sustaining the Trustee's objection, the court expressly placed the burden of proof on this issue upon the Debtor. The Debtor's schedules list a claim for payments made for loss of future income as a possible asset, yet no value was assigned. This was the reason this Court sustained the Trustee's original objection to the exemption. The effect of this court's order was to require the Debtor to establish her entitlement to the amounts above the $7,500.00 allowed. Therefore, it was the Debtor's burden to offer evidence to establish the claim that the amounts over and above the first $7,500.00 are for pain and suffering, actual pecuniary loss and/or loss of future income. In effect, the court ruled that the Trustee had sustained his burden under Rule 4003(c) and that the burden of going forward with evidence had

shifted to the debtor. The debtor has failed to meet that burden.

What the debtor has offered amounts to an acknowledgement that there is no proof to put forward. Mr. Scherr's comments to the Trustee indicate that the settlement was never reduced to writing, and that there was in fact no particular allocation agreement or understanding. Without a written agreement or other competent, admissible evidence regarding such an agreement, the court can only find that the Debtor is entitled to no more than $7,500.00 as her exempt property.

Therefore, $7,500.00 of the net proceeds (after paying the trustee's fee and the attorneys' fees) will be paid over to the Debtor as her exempt property under Section 522(d)(11)(D). The balance is available to the trustee for distribution to creditors.

THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the proceeds should be disbursed as follows:

1. Mr. James F. Scherr:

   a. one-third of the settlement proceeds in the sum of $5,333.33;

   b. reimbursement for out-of-pocket expenses in the sum of $157.58;

   c. reimbursement for payments made to professionals in the sum of $1,073.78;

2. Mr. Donald Leslie, Trustee, the sum of $660.00 for payment of the Trustee's three percent fee;

3. Ms. Patricia D. Patterson, Debtor, the sum of $7,500.00 as exempt property; and

4. Mr. Donald S. Leslie, Trustee, the net balance, for payment of claims against the estate of Ms. Patterson.

So ORDERED.