In re Benjamin Ronald HARRINGTON and Linda Kay Harrington, Debtors.

No. 03–10490.

United States Bankruptcy Court, E.D. Texas, Beaumont Division.

Dec. 29, 2003.

---

Stephen J. Zayler, Stephen J. Zayler, P.C., Lufkin, TX, for Stephen J. Zayler, Chapter 7 Trustee.

Tagnia Fontana, Maida Law Firm, P.C., Beaumont, TX, for Debtors.

## MEMORANDUM OF DECISION

BILL PARKER, Chief Judge.

This matter is before the Court upon the "Trustee's Amended Motion for Authority to Pay to Debtor (sic) Portion of Funds Claimed as Exempt From Settlement of District Court Cause of Action" (the "Trustee's Motion") filed by the Chapter 7 Trustee, Stephen J. Zayler ("Trustee"). Based upon the evidence and legal argument presented at the hearing on this matter, the Court concludes that the Trustee's Motion should be granted only as to authorize and direct the immediate payment by the Trustee of the additional sum of $43,376.90 to the Debtors, Benjamin and Linda Harrington, based upon their valid exemption claims, but that all other relief requested by the Trustee's Motion should be denied.[1]

### Factual and Procedural Background

On April 8, 2003, Benjamin and Linda Kay Harrington (the "Debtors") filed a Chapter 7 petition, and Stephen J. Zayler was subsequently appointed to serve as the Chapter 7 trustee in their case. At the time the Debtors filed their voluntary petition, they were the plaintiffs in a state court lawsuit pending in the 128th Judicial District of Orange County, Texas, styled *Benjamin Harrington, et al v. Hartford Lloyds Insurance Co.* This was a cause of action for injuries sustained by the Debtors as a result of an automobile accident. The Debtors properly listed this lawsuit as an asset on Schedule B, and they exempted a portion of the expected recovery on their Schedule C under the federal exemption scheme. Specifically, the Debtors claimed $34,850.00 as exempt under 11 U.S.C. § 522(d)(11)(D), and they also claimed $17,169.00 as exempt pursuant to their § 522(d)(5) wild card exemption.

On June 18, 2003, a Motion to Approve Compromise and Settlement of District Court Cause of Action was filed wherein the Trustee, Special Counsel Richard Schechter,[2] and the Debtors agreed to settle this controversy for the total sum of $235,000.00. The terms of the settlement did not allocate the gross receipts of $235,000.00 by and among bodily injury, pain and suffering, actual pecuniary loss,

1. This Court has jurisdiction to consider the motion pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). The Court has the authority to enter a final order in this contested matter since it constitutes a core proceeding as contemplated by 28 U.S.C. § 157(b)(2)(A) and (B).

2. Richard Schechter had previously been approved by this Court to serve as special counsel in this matter via the Court's May 8, 2003, order approving the Trustee's Application to Employ. According to that Application and the ensuing Order, which mirrored the Debtors' pre-petition agreement, Richard Schechter's attorney's fees would be 40% of the sums collected, plus reimbursement of all costs and out of pocket expenses directly related to investigating, preparing for, and litigating this claim.

or any other category of damages contemplated by the federal exemption statute, but instead simply offered the $235,000.00 settlement amount in a lump sum from the named defendants.[3]

After receipt of the $235,000.00 settlement funds, the Trustee filed his Motion whereby he sought permission to pay to the Debtors the $17,169.00 claimed by the Debtors as exempt under 11 U.S.C. § 522(d)(5), from which he proposed to deduct a proportionate share of the 40% attorney's fee owed to attorney Richard Schechter (or $6,867.60), as well as a pro rated share of the actual expenses owed to Richard Schechter (or $1,659.30). Thus, the Trustee sought to tender to the Debtors the total sum of $8,642.10 in full satisfaction of the Debtors' § 522(d)(5) exemption of the proceeds from their state court lawsuit.[4] The Trustee denied that the Debtors were entitled to any portion of their exemption claim under 11 U.S.C. § 522(d)(11)(D).

The Debtors objected to the treatment proposed by the Trustee's Motion, asserting that they had properly claimed amounts arising from the state court lawsuit as exempt under both 11 U.S.C. § 522(d)(5) and (d)(11)(D), and that they should therefore receive $52,019.00 as the aggregate amounts claimed as exempt under both subsections. The Debtors further argued that the attorney's fees owed to the special counsel should not be prorated between the estate and the Debtors' exemption amounts. A hearing was held on this matter on October 21, 2003, with both parties appearing and presenting argument. Upon the conclusion of the hearing, the Court provided the parties with additional time in which to submit supplemental briefing. Upon receipt of such briefing, the Court took this matter under advisement. This memorandum disposes of all issues pending before the Court.

### Discussion

The commencement of a bankruptcy case creates an estate encompassing all legal and equitable interests in property of the debtor as of the petition date, including any property that might potentially be exempt. 11 U.S.C. § 541(a). This includes any pending personal injury lawsuit in which the debtor is involved. *See Wischan v. Adler (In re Wischan)*, 77 F.3d 875, 877 (5th Cir.1996). The trustee,

---

3. The settlement provided a comprehensive release of all of the Debtors' claims against the defendants "including, but not limited to, claims for uninsured motorist protection under the applicable policies of insurance, breach of contract, negligence, negligent entrustment, gross negligence, malice, negligence per se and exemplary damages, and extends to and includes all damages for personal injury, property claims and other damages against Releasees, including compensatory, exemplary, statutory, contractual and under warranty (sic), occurring both in the past and which may occur in the future, and related to the bodily injuries of Linda Harrington and Benjamin R. Harrington for any physical disfigurement, physical pain and suffering, mental anguish, physical and mental illness, impairment and disability, emotional injury, hospital, medical, psychiatric, nursing, surgical, counseling and rehabilitation expenses, loss or reduction of earnings or earnings capacity, lost earnings, loss of or interference with the ability to obtain insurance, loss of interest or economic opportunity, loss of credit, loss of consortium, loss or injury to family relationship, loss of enjoyment of life, all further complications, future earnings, household and personal services, household goods, personal property, contribution, sufferance of emotional distress, mental pain and suffering, physical pain and suffering, together with all pre-judgment and post-judgment interest and attorneys' fees."

4. Due to certain exigent circumstances, the Court executed an interim order on November 6, 2003, which authorized the Trustee to pay the sum of $8,642.10 to the Debtors which constitutes the undisputed portion of the Debtors' § 522(d)(5) exemption amount.

as the representative of the bankruptcy estate under 11 U.S.C. § 323(a), succeeds to all causes of action held by the debtor at the time the bankruptcy petition is filed. *See Jones v. Harrell,* 858 F.2d 667 (11th Cir.1988); *Miller v. Shallowford Community Hosp., Inc.,* 767 F.2d 1556 (11th Cir. 1985). The debtor may then exempt certain property from that bankruptcy estate by claiming either the federal exemptions provided by 11 U.S.C. § 522(d), or any other exemptions provided by applicable federal, state, or local law. 11 U.S.C. § 522(b).[5]

As previously stated, the Debtors in this case selected the federal exemption scheme. On their Schedule C, the Debtors claimed $17,169.00 of the settlement proceeds as exempt under 11 U.S.C. § 522(d)(5)[6] and they each claimed $17,425.00 of such proceeds as exempt under § 522(d)(11)(D).[7] As noted earlier, the Trustee has never challenged the legitimacy of Debtors' exemption claim under 11

U.S.C. § 522(d)(5), only whether such exempt property can be impressed with a proportional share of the attorneys' fees owed.[8]

However, the Trustee's Motion, by seeking authority to pay to the Debtors only the amount claimed as exempt under § 522(d)(5), directly disputes the Debtors' entitlement to the exemption of any portion of the $235,000.00 settlement proceeds under § 522(d)(11)(D). Accordingly, an issue immediately arises regarding the timeliness of the Trustee's action.

■ The Debtors argue that FED. R. BANKR.P. 4003(b)[9] and the United States Supreme Court's decision in *Taylor v. Freeland & Kronz,* 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992), preclude the Court from considering at this point in the case the legitimacy of their § 522(d)(11)(D) exemption claim. As recognized in *Taylor,* § 522(*l*) of the Bankruptcy Code requires a debtor to file a list of the property that

5. The facts and law existing as of the date of the petition govern a debtor's claimed exemptions. *See Zibman v. Tow,* 268 F.3d 298, 302 (5th Cir.2001) ["This focus on the status as of the date of filing is commonly referred to as the 'snapshot' approach to determining the extent of the bankruptcy estate and the scope of the exemptions."] (*citing White v. Stump,* 266 U.S. 310, 312, 45 S.Ct. 103, 69 L.Ed. 301 (1924)).

6. 11 U.S.C. § 522(d)(5) states as follows:
The following property may be exempted under subsection (b)(1) of this section:
The debtor's aggregate interest in any property, not to exceed in value $925 plus up to $8,725 of any unused amount of the exemption provided under paragraph (1) of this subsection.

7. 11 U.S.C. § 522(d)(11)(D) states as follows:
The following property may be exempted under subsection (b)(1) of this section:
The debtor's right to receive, or property that is traceable to—
a payment, not to exceed $17,425, on account of personal bodily injury, not includ-

ing pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent.

8. Yet, as discussed *infra,* the Trustee does contend that the Debtors must pay from their exempt property a pro-rata share of the 40% attorneys' fees owed to attorney Richard Schechter, who was the Debtors' pre-petition personal injury attorney and who subsequently was authorized to serve as special counsel for the bankruptcy estate.

9. FED. R. BANKR.P. 4003(b) states as follows:

A party in interest may file and objection to the list of property claimed as exempt only within 30 days after the meeting of creditors held under § 341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later. The court may, for cause, extend the time for filing objections if, before the time to object expires, a party in interest files a request for an extension.

the debtor claims as statutorily exempt from distribution to creditors, and "[u]nless a party in interest objects, the property claimed as exempt on such list is exempt." *See* 11 U.S.C. § 522(*l*), *cited in Taylor*, 503 U.S. at 642, 112 S.Ct. at 1647. FED. R. BANKR.P. 4003(b) then sets forth the deadline for filing such an objection, giving a party in interest thirty (30) days after the conclusion of the § 341(a) meeting of creditors either to file an objection to the claimed exemptions or to request an extension of time to file such an objection. *Id.* at 639, 112 S.Ct. at 1646.

In *Taylor*, a chapter 7 debtor had listed as exempt the money that she expected to win in a discrimination lawsuit against her employer. The debtor described this property as "Proceeds from lawsuit—[Davis] v. TWA" and "Claim for lost wages" and listed its value as "unknown" on her Schedule C (Property Claimed As Exempt). Despite representations from the debtor's attorneys that the debtor might recover between $90,000 and $110,000, the chapter 7 trustee elected to forego any objection to the debtor's claimed exemption within thirty days of the § 341 meeting of creditors because he thought the cause of action likely had a negligible value. However, that assessment proved to be erroneous. The debtor subsequently settled her lawsuit for $110,000, $71,000 of which went directly to her attorneys as payment of attorneys' fees. After learning of the settlement, the trustee filed a complaint against the debtor's attorneys in the bankruptcy court, seeking turnover of the $71,000 based upon his assertion that such sums constituted property of the debtor's bankruptcy estate. The attorneys argued for retention of the fee payment

because the debtor had exempted the entire proceeds of the lawsuit from the bankruptcy estate without objection. The United States Supreme Court eventually held that even though the debtor did not have a good-faith or reasonably disputable basis for claiming the entire amount of the proceeds as exempt under either federal or state law, the exemption claim was nonetheless valid because no party in interest had objected to the claimed exemption within the 30-day objection period established by Rule 4003(b). *Taylor*, 503 U.S. at 643–44, 112 S.Ct at 1648–49.

In the present case, the Debtors listed their personal injury cause of action on Schedule B as "Personal Injury Case Cause No. A–10073–C; Benjamin and Linda Harrington v. The Hartford Insurance Company," and valued the asset at $175,000.00. The Debtors then claimed a portion of the expected recovery from their lawsuit as exempt on Schedule C, claiming the aggregate amount of $34,850.00 pursuant to 11 U.S.C. § 522(d)(11)(D),[10] as well as $17,169.00 pursuant to § 522(d)(5). The § 341(a) meeting of creditors was held and concluded on June 2, 2003, and, pursuant to Rule 4003(b), the Trustee had until July 2, 2003, either to file an objection to the claimed exemptions or to request an extension of time. He did neither. The Debtors therefore claim that the express provisions of Rule 4003(b) and the rationale of *Taylor* insulate their respective § 522(d)(11)(D) exemption claims from any challenge by the Trustee.

The Trustee argues that *Taylor* is clearly distinguishable from the current situation, and that the objection deadline set

---

**10.** Because the Debtors were both injured in the automobile accident which ultimately led to the state court lawsuit, the Debtors both claimed $17,425.00 as exempt pursuant to 11 U.S.C. § 522(d)(11)(D). Hence, the Debtors claimed a total of $34,850.00 as exempt under this subsection. *See* 11 U.S.C. § 522(m) ["Subject to the limitation set forth in subsection (b), this section shall apply separately with respect to each debtor in a joint case."].

forth in Rule 4003(b) is inapplicable when the basis for objecting to a claimed exemption is not known until after the expiration of the Rule 4003(b) deadline. According to the Trustee, the rule espoused in *Taylor* was premised upon the fact that the "defect" in the debtor's Schedule C was plainly evident from a cursory review of the schedule. In support of his argument, the Trustee cites the Court to the following language from the *Taylor* decision:

> In this case, as noted, [the debtor] claimed the proceeds from her employment discrimination lawsuit as exempt by listing them in the schedule that she filed under § 522(*l*). The parties agree that [the debtor] did not have a right to exempt more than a small portion of these proceeds either under state law or under the federal exemptions specified in § 522(d). [The debtor] in fact claimed the full amount as exempt. [The Chapter 7 trustee], as a result, apparently could have made a valid objection under § 522(*l*) and Rule 4003 if he had acted promptly. We hold, however, that his failure to do so prevents him from challenging the validity of the exemption now.

*Id.* at 642, 112 S.Ct. at 1647–48.

In the present case, because the Debtors' claimed exemptions did not exceed the amounts authorized by 11 U.S.C. § 522(d)(11)(D), and because he claims that he had no possible way of knowing that the settlement ultimately reached in the litigation would fail to allocate between the Debtors' personal bodily injury claims and any other type of damage, the Trustee asserts that he was absolutely precluded from presenting a valid objection to the Debtors' claimed exemptions within the deadline set forth by Fed. R. Bankr.P.

4003(b). Accordingly, the Trustee asserts that the objection deadline of Rule 4003(b) should be deemed inapplicable to him in this type of situation.

The Trustee's position is not wholly without support. In *Mercer v. Monzack*, 53 F.3d 1 (1st Cir.1995), a debtor was injured in an automobile accident, filed a personal injury lawsuit, and then filed a Chapter 7 petition while the personal injury cause of action was still pending. The debtor listed the lawsuit on his Schedule B and then claimed the "possible personal injury settlement" as exempt under four subsections of 11 U.S.C. § 522(d):

(1) "100%" of the potential settlement as a "disability" under § 522(d)(10)(C);

(2) an exemption of "$7,500" as a "payment on account of personal bodily injury" under § 522(d)(11)(D); [11]

(3) an exemption of "100%" as "payment in compensation for loss of future earnings" under § 522(d)(11)(E); and

(4) an exemption of "$3,750" under § 522(d)(5).

*See Mercer*, 53 F.3d at 2.

The Chapter 7 trustee in *Mercer* did not object to any of the debtor's claimed exemptions within Rule 4003(b)'s objection period. The personal injury lawsuit was subsequently settled for $50,000.00, with no specific allocation as to what portion, if any, represented compensation for a "disability," "personal bodily injury," or "loss of future earnings." *Id.* at 1–2. Following the settlement, the trustee filed a "Motion for Turnover and for Determination of the Estate's Interest in Settlement Proceeds of Debtors' Personal Injury Claim." *See In re Mercer*, 158 B.R. 886, 887 (Bankr. D.R.I.1993).

---

11. At the time the of the bankruptcy filing in *Mercer*, $7,500 was the statutory cap on the 11 U.S.C. § 522(d)(11)(D) exemption. This amount has since been increased to $17,425.00.

The debtor, relying on *Taylor v. Freeland & Kronz,* argued that the trustee's failure to object to the debtor's claimed exemptions within Rule 4003(b)'s 30–day objection period precluded the bankruptcy court from entertaining the trustee's motion. *See Mercer,* 53 F.3d at 2. The debtor further claimed that he had successfully exempted the entire $50,000.00 settlement because he had claimed as exempt "100%" of the proceeds either as a disability payment under 11 U.S.C. § 522(d)(10)(C) or as a payment in compensation for loss of future earnings under § 522(d)(11)(E). The trustee responded that "he had filed no Rule 4003(b) objection because Mercer [the debtor] had claimed *allowable* exemptions in the settlement proceeds representing compensation for 'disability' or lost future earnings." *Id.* The First Circuit reviewed the basis of the bankruptcy court's decision in favor of the trustee:

> The bankruptcy court took the position that a Rule 4003(b) objection is not required unless the exemption claim—as was the case in *Taylor,* 503 U.S. at 638–40, 112 S.Ct. at 1646—raises a "red flag"; that is, unless the exemption claim includes *unambiguous* language indicating that the debtor is asserting an exemption claim which would exceed the maximum statutory allowance. The bankruptcy court hypothesized, for example, that a Rule 4003(b) objection might have been necessary if Mercer had listed the exemption claim simply as "Disability" and the exempt amount as "100%," instead of breaking down the settlement fund into four alternative components. But since the Mercer exemption claim was framed in four alternative parts, each asserting facially valid

statutory exemptions under section 522(d), *the bankruptcy court concluded that it raised no "red flag" sufficient to trigger the limitation period in Rule 4003(b).* The bankruptcy court therefore ruled that *Taylor* did not preclude its assertion of jurisdiction to determine whether the settlement fund represented compensation for disability or lost future earnings. It then found that the settlement fund included no compensation for disability or lost future earnings. Accordingly, the bankruptcy court ordered Mercer to turn over all but $7,350 to the chapter 7 trustee.[12]

*See Mercer,* 53 F.3d at 2 (citations omitted) (second emphasis added).

Upon review, the First Circuit affirmed the bankruptcy court's decision and, while noting that it was in "complete agreement" with the result reached by the bankruptcy court, its analysis focused upon a purported distinction of *Taylor* from the facts before it-leading it to affirm the continued jurisdiction of the bankruptcy court to determine whether the property ultimately received by the debtor via the settlement constituted the type of property claimed by the debtor as exempt, *See Mercer,* 53 F.3d at 3–4.

The *Mercer* decision is a troubling one because, in a concerted effort to absolve the case trustee from the consequences of his failure to abide by FED. R. BANKR.P. 4003(b), it seriously undermines the process invoked by that rule through which the validity of an exemption claim is determined, including the evidentiary burden relating thereto. Rule 4003(b) is not complicated. It provides two options to a party in interest contemplating an objection to a

---

**12.** The *Mercer* bankruptcy court awarded the debtors the full amount of their 11 U.S.C. § 522(d)(11)(D) exemption, as well as their § 522(d)(5) exemption, for a total of $11,250. However, the debtors elected to retain a diamond ring, the non-exempt value of which was $3,900. Consequently, the $7,350 figure reflects an adjustment of $3,900 to reimburse the estate for the non-exempt portion of this ring. *See In re Mercer,* 158 B.R. at 889.

debtor's claim of exemptions. A party in interest can file either an exemption objection within thirty days after the conclusion of the § 341(a) meeting of creditors,[13] or it can file a request for an extension of the objection period before the expiration of that period. Therefore, when a trustee is placed in a position in which an evaluation of the legitimacy of a particular exemption claim is somehow hampered, Rule 4003(b) does not compel a futile action. It authorizes a request for an extension of the objection period. The sufficiency and significance of this intended process are recognized and buttressed by FED. R. BANKR.P. 9006(b)(3) which specifically precludes a court from enlarging the time for taking action under Rule 4003(b) except "to the extent and under the conditions stated" in such rule.[14] To substitute a different process at a different time with an inverse burden of proof is not only questionable, but unnecessary. If a trustee acts prudently in the light of the options offered by Rule 4003(b), the *Mercer* gambit becomes unnecessary.

However, under the facts of the current dispute, *Mercer* is inapposite. Even if one accepts that *Mercer* properly recognizes an extra-statutory alternative to the process envisioned by Rule 4003(b), the availability of that alternative must be limited to the particular circumstances under which it was created—circumstances under which the trustee has insufficient information during the applicable thirty-day objection period to evaluate the validity of an exemption claim. Those circumstances do not exist in the present case. Here, the evidence establishes that the Trustee had actual notice of the terms of the settlement prior to the expiration of the Rule 4003(b) deadline on July 2, 2003. Culminating in his filing of his Motion to Approve Compromise and Settlement of District Court Cause of Action on June 18, 2003, the Trustee had notice of the terms of the settlement and the impact of the settlement upon the Debtors' exemption claims for a period exceeding two weeks prior to the statutory deadline. The Trustee had sufficient knowledge in sufficient time to exercise one of the two options offered by Rule 4003(b): to object to the Debtors' claim of exemptions within the 30–day objection period or to request an extension of that period based upon his need for additional time to evaluate the legitimacy of the exemption claims in light of the recent settlement.[15] He did neither. The re-

---

**13.** Or within thirty days after any amendment to the list or supplemental schedules is filed.

**14.** As the Supreme Court recognized in *Taylor:*

Rule 4003(b) gives the trustee and creditors 30 days from the initial creditors' meeting to object. By negative implication, the Rule indicates that creditors may not object after 30 days "unless, within such period, further time is granted by the court." The Bankruptcy Court did not extend the 30–day period. Section 522(*l*) therefore has made the property exempt. *(The trustee) cannot contest the exemption at this time whether or not (the debtor) had a colorable statutory basis for claiming it.*

503 U.S. at 643–44, 112 S.Ct. at 1648: (emphasis added); *accord, In re Stoulig,* 45 F.3d 957, 957–58 (5th Cir.1995); *In re Perry,* 289

B.R. 860, 864 (W.D.Tex.2002) [finding that "the bankruptcy court has no authority to extend the objection date" when a creditor does not act within the thirty day deadline of Rule 4003(b) ].

**15.** For circumstances involving pending litigation that has not yet been settled or concluded, requesting an extension of time seems highly preferable to the approach endorsed by *Mercer.* What length of extension would be appropriate? In order to avoid the necessity of successive extension motions, an extension for a period of thirty (30) days after the earlier of: (1) the filing of any motion by the trustee to approve a compromise or settlement of the cause of action to which the debtor's exemption claim related; or (2) the entry of any final judgment in such cause of action would seem appropriate.

quirement imposed upon the Trustee to act within that time period was neither oppressive nor unreasonable.[16] In fact, the timing of the settlement (as well as its terms) were within his control or that of his counsel. Because he had a sufficient basis upon which to act and a sufficient opportunity to act, the Trustee cannot now utilize an alternative process, outside the scope of that envisioned by Rule 4003(b), to challenge the validity of the Debtors' claimed exemptions. As the Supreme Court in *Taylor* recognized,

> Deadlines may lead to unwelcome results, but they prompt parties to act and they produce finality. In this case ... (the trustee) did not object to the claimed exemption. *If (the trustee) did not know the value of the potential proceeds of the lawsuit, he could have sought a hearing on the issue, see Rule 4003(c), or he could have asked the Bankruptcy Court for an extension of time to object, see Rule 4003(b). Having done neither, (the trustee) cannot now seek to deprive (the debtor) ... of the exemption.*

*Taylor*, 503 U.S. at 643–644, 112 S.Ct. at 1648(emphasis added). Accordingly, because it is an untimely challenge to the validity of the Debtors' exemption claims, the Trustee's Motion must be denied.

Even if the Trustee's challenge to the Debtors' exemptions had been timely, his attempt to shift the burden of proof to the Debtors to prove the validity of their exemption claims could not have been endorsed and the evidence presented at the hearing was not sufficient to sustain the Trustee's burden of proof as to his objections. As mentioned previously, the settlement agreement provided for the payment of $235,000.00 in a lump sum payment without any allocation among various categories of damages asserted by the Debtors or their estate. The Trustee asserted that the burden of persuasion as to the whether the settlement amount relates specifically to "personal bodily injury" rested upon the Debtors and argued that, in the absence of proof by a preponderance of the evidence, they are not entitled to any exemption under 11 U.S.C. § 522(d)(11)(D).

Contrary to the Trustee's contentions, FED. R. BANKR.P. 4003(c) clearly and unequivocally places the ultimate burden of persuasion in any contested matter over the validity of a debtor's exemption claims upon the party objecting to a debtor's claimed exemptions.[17] Although in the face of an objection this Court believes that a debtor must sustain a minimal burden of going forward with the evidence to establish that the referenced property qualifies for the particular exemption claimed before the objecting party is obligated to go forward with its proof, that burden is easily satisfied in most cases. In fact, the assertion of the exemption claim itself has been found to be sufficient. *See In re Patterson*, 128 B.R. 737, 740 (Bankr.W.D.Tex.1991) ["Generally, it is the initial burden of the Debtor to establish the right to claim the exemption. Apparently, all that the Debtor must do to support a *prima facie* case is to claim the property as exempt."] (citations omitted).

---

16. *See, e.g., Grossie v. Sam (In re Sam)*, 894 F.2d 778, 778–79 (5th Cir.1990) [holding that a previously unscheduled creditor who received notice of the bankruptcy only *eighteen days* prior to the Rule 4007(c) deadline for filing a complaint to determine dischargeability of a debt under § 523(c) was still bound by such deadline, notwithstanding the creditor's argument that due process required that he be given at least thirty days within which to act] (emphasis added).

17. *See* FED. R. BANKR.P. 4003(c) ["In any hearing under this rule, the objecting party has the burden of proving that the exemptions are not properly claimed."].

However, there is no disagreement that the ultimate burden of persuasion (or the risk of non-persuasion) always rests upon the objecting party under Rule 4003(c). "The case law generally holds that once the debtor makes this *prima facie* showing, the burden shifts, and the ultimate burden of persuasion is on the objecting party to present evidence that the claim cannot be sustained under applicable local law." *Id.* In fact, as summarized by the court in *In re Cole,* 205 B.R. 382 (Bankr. E.D.Tex.1997):

> Under Bankruptcy Rule 4003(c), the objecting party has the burden of proving that the exemptions claimed . . . are not properly claimed. . . . *When an issue is in doubt because of the proof provided and the Court would be required to speculate, the party upon whom the burden of proof ultimately rests must lose. Id.* at 162. Thus, the exemptions claimed by the Debtors are presumed valid until proven otherwise.

*Id.* at 384–85 (emphasis added and citations omitted).

██ Significantly, there is substantial jurisprudence that confirms that the trustee must bear this burden of proof, even when the objection to a debtor's exemption claim under 11 U.S.C. § 522(d)(11)(D) is based upon the absence of a specific damage allocation in a settlement agreement. After first recognizing that the objecting party bears the burden of rebutting the "*prima facie* effect of the claim of exemption," the court in *Lester v. Storey (In re Lester),* 141 B.R. 157 (S.D.Ohio 1991), noted that:

> Simply put, the Trustee does not satisfy his burden merely by pointing to the Debtor's failure to allocate the settlement into its component parts. . . . Thus, to the extent the bankruptcy court below placed upon the Debtor the burden of proving the allocation of her personal injury settlement into the various exempt and non-exempt categories, that decision was erroneous and is reversed. . . . *Therefore, the plain meaning of Bankruptcy Rule 4003(c) leads this Court to hold that the burden of proof is initially placed upon the Trustee with respect to any objections he files, and that this burden does not shift to the Debtor merely upon a showing that the Debtor has failed to allocate the personal injury settlement into its various component parts. Rather, as long as the Debtor either expressly or impliedly characterizes the settlement as falling within an exempt category, the Trustee retains the burden of proof and must present evidence to the court if he wishes to prevail on his objection.*

*See id.* at 161–62 (emphasis added); *see also In re Hurst,* 239 B.R. 89, 92 (Bankr. D.Md.1999)["[A]s long as the Debtor either expressly or impliedly characterizes the settlement as falling within the exempt category, the Trustee retains the burden of proof and must present evidence to the court if he wishes to prevail on his objection. Once the Trustee meets his burden, the debtor has an opportunity to show that the exemption is valid. *If the court would have to speculate on how an injury award should be allocated, the objecting party has the burden of proving what portion is not exempt.*"] (emphasis added and citations omitted); *In re Bova,* 205 B.R. 467, 476–77 (Bankr.E.D.Pa.1997) ["To a large degree, the application of § 522(d)(11)(D) to certain facts often depends on the allocation of the burden of proof. Frequently, as here, debtors testify to receipt of lump-sum settlements which are awarded to compensate a broad range of damages and are not specifically allocated to any particular elements of damages. The objector usually has no additional evidence regarding allocation to submit and must argue

from the debtor's evidence. In these circumstances most courts have held that, since exemption laws are generally construed broadly in favor of claimants, the burden of proving that a specific element of a personal injury award is excluded by § 522(d)(11)(D) lies on the objector. We therefore conclude that the failure of (the objecting party) to meet his burden of proving that portions of the settlement would fall within either of the exclusions of § 522(d)(11)(D) is fatal to the Objections."] (citations omitted); *In re Russell*, 148 B.R. 564, 566 (Bankr.E.D.Ark.1992) ["Since the judgment was general, it cannot be determined whether the award was for wages, bodily injury, or pain and suffering. While the judgment does not differentiate among the forms of damages, the award for personal injury was far below that requested by the debtor in the state court action, rendering it unlikely that the entire award was for pain and suffering. There was no proof of the precise nature of the recovery. Accordingly, there is no proof that the judgment was only for pain and suffering, the form of personal injury that may not be exempted under [11 U.S.C. § 522(d)](11)(D). *In the absence of such proof, the debtor is entitled to the exemption.*"] (*citing Ford Motor Credit Company v. Territo (In re Territo)*, 32 B.R. 377 (Bankr.E.D.N.Y.1983)) (emphasis added); *see also* 4 LAWRENCE P. KING ET AL., COLLIER ON BANKRUPTCY ¶ 522.09[11] (15th ed. rev. 2003) ["Typically, debtors' rights to receive payments for personal bodily injury are included either in a settlement with or a judgment against a third party. The judgment and agreements generally are not explicit as regards the character of the payments. Since any amounts attributable to pain and suffering are not exemptible under section 522(d)(11)(D), the court must determine the extent to which the lump sum or annuity payment is covered by the debtor's exemption. *In reaching this conclusion, the burden of proof is on the party objecting to the claim of exemption.*"]. Accordingly, a trustee cannot escape the burden of proof assigned to an objecting party under Rule 4003(c) because the exemption claim relates to a settlement agreement which fails to allocate damages into specific categories of recovery.

 In the present case, the Debtors asserted the exemption claim and presented at the hearing uncontradicted evidence regarding the extent of their respective personal injuries and surgeries arising from the accident which was more than sufficient to constitute a *prima facie* showing and shift the burden of production to the Trustee to sustain his ultimate burden of persuasion (or the risk of non-persuasion) imposed under FED. R. BANKR.P. 4003(c).[18] Other than the fact that the settlement agreement contained no specific allocation of damages, the Trustee demonstrated that the Debtors have had to pay approximately $60,000.00 in medical payments and proffered testimony that a significant portion of the $235,000.00 lump sum payment was for non-exempt "intangible" damages such as mental anguish or physical pain and suffering. However, it is undisputed that the exemptions in dispute only involve $34,850.00 of the $235,000.00 total payment and that, even if the exemptions are allowed, the estate is retaining a significant portion of the settlement proceeds. Thus, even if the Trustee had filed a timely objection within Rule 4003(b)'s thirty-day period, the Debtors would still prevail as to the legitimacy of their 11

---

18. Mrs. Harrington testified that she suffered (and continues to suffer) head and neck problems, a ruptured disc, and that she has undergone surgery to fuse two of her vertebrae. Furthermore, Mr. Harrington testified that he suffered both a shoulder injury and a herniated disc.

U.S.C. § 522(d)(11)(D) exemption in the scheduled amount of $34,850.00.[19]

■ Finally, the Trustee asserts that even if the Debtors' exemption claims are valid, the distribution of any sums to the Debtors pursuant to the exemption claims must be reduced because such distribution should be burdened with a proportionate amount of the $94,000.00 in attorneys' fees which are due and owing to attorney Richard Schechter for services rendered in the underlying litigation. The Trustee argues that, because the recovery is being shared by the bankruptcy estate and the Debtors, they should correspondingly share in the responsibility to pay the attorneys' fees. While that position is facially appealing, a closer examination reveals that it is based upon a misperception as to the manner in which exemptions work under state law and the transposition of those exemption rights into the bankruptcy context.

There is no dispute that, pursuant to 11 U.S.C. § 541(a), the Debtors' pre-petition personal injury lawsuit became property of the estate as of the commencement of the case. In the absence of the exemption of the entire cause of action, either legitimately or illegitimately,[20] the Trustee assumes complete control over the disposition of the personal injury lawsuit. It becomes incumbent upon the Trustee to retain counsel to represent the estate in the ongoing litigation and, except in very rare circumstances, it would defy logic and economics to retain anyone other than the debtor's former counsel who is presumably intimately familiar with the details of the case. When the litigation is concluded (and despite the fact that the defendant will undoubtedly require the execution of a release by the actual debtor), the recovery is achieved at that precise moment for the benefit of the bankruptcy estate, notwithstanding the fact that the recovery is obviously based upon a right of payment which was originally owned by the debtor. The recovery evidences the transformation of what had been a contingent estate asset into a liquidated estate asset. The recovery for the benefit of the bankruptcy estate is complete at that time, the associat-

19. The Court also finds support for its holding in the general rule requiring exemption statutes to be liberally construed in favor of debtors also provides support for its holding. *See, e.g., In re Rousey,* 283 B.R. 265, 272 (8th Cir. BAP 2002) ["In interpreting 11 U.S.C. § 522(d)(10)(E), we are mindful of the principle that exemption statutes should be construed liberally in favor of the debtor."]; *but see In re Evert,* 342 F.3d 358, 371 (5th Cir. 2003) [noting that the Fifth Circuit has not yet determined whether this general rule is to be applied to federal exemptions under § 522(d)].

20. The entire recovery arising from a smaller cause of action could conceivably be protected by exemptions. However, as stated previously, *Taylor v. Freeland & Kronz* stands for the proposition that, absent a timely objection to a debtor's claim of exemptions, such exemption claims are conclusively valid even if the debtor did not have a good-faith or reasonably disputable basis for claiming the en-

tire amount of the proceeds as exempt. *See* 503 U.S. at 643–44, 112 S.Ct at 1648–49. Accordingly, if the language on Schedule C indicates that a debtor is claiming the entire amount of a lawsuit as exempt, then, whether validly claimed or not, the entire lawsuit ceases to be property of the estate upon the expiration of Rule 4003(b)'s deadline when no objection is timely filed. *See In re Martinez,* 293 B.R. 387, 390 (Bankr.N.D.Tex.2003) ["Debtors claimed the personal injury claim as exempt in its entirety, as explained above. This exemption was settled by December 14, 2002, upon the expiration of thirty days following the meeting of creditors, as no objections were lodged to the claim of exemption. As of that date, *and because the personal injury claim was successfully exempted in its entirety,* the claim and its proceeds ceased to be property of the estate, instead becoming property of the debtor."] (citations omitted, emphasis added); *In re Day,* 292 B.R. 133, 136 (Bankr.N.D.Tex.2003).

ed attorneys' fees are duly owed by the bankruptcy estate at that time, and such attorneys' fees should be paid at that time. If, perchance, the debtor possesses a valid exemption claim through which he or she is statutorily entitled to protect some portion of the recovered funds from the reach of creditors (and hence, from the scope of the bankruptcy estate), such withdrawal occurs only subsequent to the payment of the incurred attorneys' fees because the only amounts which creditors could reach outside of bankruptcy would be the net recovery after the fulfillment of the contractual obligation to pay the attorneys' fees. However, once the fees are paid, the debtor is then entitled to protect the sums from his creditors to the fullest extent allowed by the applicable exemption. That is what exemptions do. *See, e.g., In re Patterson,* 128 B.R. at 739–40 ["If we compare Section 522 with other sections of the Bankruptcy Code, it becomes evident that Congress did not intend for debtors to pay a portion of the attorney's fees out of their exempt property.... If the estate authorizes the employment of the attorney [21] and the attorney recovers property for the estate, the attorney's fees should be paid out of the estate regardless of whether portions of the property recovered are exempt."]; *In re Turner,* 190 B.R. 836, 841 (Bankr.S.D.Ohio 1996); *In re Barlock,* 121 B.R. 13, 15 (Bankr.N.D.Ohio 1990) [refusing to surcharge the debtor's exemption with a proportionate share of the attorney's fees owed to special counsel]; 2 WIL-LIAM L. NORTON, JR., NORTON BANKRUPTCY LAW AND PRACTICE 2D § 46.14 (2003).

Thus, placed in the context of the present case, the contractual obligation owed to attorney Richard Schechter for his services rendered to the estate in the underlying litigation must be paid as an initial matter from the recovery which the estate has realized. Of the remaining $141,000.00, the Debtors possess valid exemption claims through which they are permitted to protect a total of $52,019.00 from the reach of creditors and which leaves the bankruptcy estate with a net recovery of $88,981.00 from the settlement of this litigation. Accordingly, in recognition of the fact that the attorneys' fees have, in fact, already been paid, the Trustee shall be ordered to tender to the Debtors, Benjamin and Linda Harrington, the sum of 43,376.90 as the remaining amounts which the Debtors are allowed to protect based upon their valid exemption claims.[22] All other relief requested by the Trustee's Motion is denied.

This memorandum of decision constitutes the Court's findings of fact and conclusions of law [23] pursuant to FED.R.CIV.P. 52, as incorporated into contested matters in bankruptcy cases by FED. R. BANKR.P. 7052 and 9014. A separate order will be entered which is consistent with this opinion.

---

21. The Court notes for the record that the Trustee, on April 23, 2003, filed its Application to Retain Special Counsel, seeking to employ Attorney Richard Schechter to proceed on the estate's behalf in the state court personal injury litigation. The Court granted the Application on May 8, 2003.

22. Again, the Trustee has already tendered pursuant to court order the sum of $8,642.10 to the Debtors which represented the undis-puted portion of the Debtors' § 522(d)(5) exemption claim.

23. To the extent that any finding of fact is construed to be a conclusion of law, it is hereby adopted as such. To the extent any conclusion of law is construed to be a finding of fact, it is hereby adopted as such. The Court reserves the right to make additional findings and conclusions as necessary or as may be requested by any party.